## DELIA J. REARDON v. CITY OF AUSTIN AND ANOTHER.[1]

May 4, 1928.

No. 26,542.

**Evidence did not require a finding that injury to employe was a contributing cause of his death three months later.**

> The evidence did not require a finding that an injury which an employe sustained by a fall was a contributing cause of his death three months later from decompensation of the heart.

Workmen's Compensation Acts—C. J. p. 115 n. 37.

---

See note in L. R. A. 1916A, pp. 36, 292; L. R. A. 1918F, 868; 28 R. C. L. 818; 5 R. C. L. Supp. 1577; 6 R. C. L. Supp. 1761.

Certiorari to review an order of the industrial commission denying compensation for the death of relator's husband, William H. Reardon. Affirmed.

*Wright, Nelson & Plunkett,* for relator.

*F. G. Sasse, R. A. Dunnette, L. N. Foster* and *S. C. Harholdt,* for respondents.

[1]Reported in 219 N. W. 292.

DIBELL, J.

Certiorari to review the order of the industrial commission deny: ing the relator compensation for the death of her husband, William H. Reardon.

Reardon was in the employ of the defendant city of Austin as a policeman. The other defendant, Travelers Insurance Company, is the city's insurer. On November 21, 1926, the deceased was taking a young man whom he had arrested to the city jail, holding him by the arm. The prisoner broke away and escaped. There were two eyewitnesses to the accident. One says Reardon made a quick grab, slipped on the ice, fell, got up and walked slowly away. The other says that when the prisoner broke away Reardon turned to catch him, fell so that one knee struck the ground, got up, stood for a second, and walked away limping as though he had hurt himself. There is no question but that he received an injury to his knee, which was not in itself serious. He made report to the chief of police of what had happened and complained of his injury. This was in the early afternoon. He went home about the usual time, five or six in the afternoon. He had trouble in breathing—was short of breath. He was unable to lie down in comfort, and sat up all night. He went to police headquarters the next three or four days, but he was short of breath. This condition had not been observed before. He could not work. The chief sent him home. This ended his connection with the police department. He did nothing afterwards and was confined to his home until his death on February 19, 1927, ascribed by the medical men to decompensation of the heart.

The industrial commission found that Reardon sustained an accidental injury which arose out of and in the course of his employment, but that it was not a contributing cause of his death.

An autopsy was had. The decedent had a diseased heart. It had been in a bad condition for a long period and at a time antedating his injury. The physicians called by the defendants had the opinion that the accident was not a contributing cause of the decedent's death. Their view is that under their interpretation of the nature of the injury it was not sufficiently severe to be a cause, though

quite conceivably an injury might be so severe as to be a cause. Other physicians have the opinion that it was a cause.

That the deceased was affected with heart disease predisposing him to an injury does not prevent compensation. An aggravation of an existing disease or infirmity is compensable, though the accident would not have caused the result in the case of a normal man. State ex rel. Rau v. District Court, 138 Minn. 250, 164 N. W. 916, L. R. A. 1918F, 918; Hogan v. Twin City A. T. Est. 155 Minn. 199, 193 N. W. 122; Klika v. Ind. Sch. Dist. 166 Minn. 55, 207 N. W. 185; Walker v. Minnesota Steel Co. 167 Minn. 475, 209 N. W. 635; Valeri v. Village of Hibbing, 169 Minn. 241, 211 N. W. 8; 6 Dunnell, Minn. Dig. (2 ed.) §§ 10396, 10397, and cases cited.

The triers of fact would have been justified in concluding from testimony, with or without the opinions of the physicians, that Reardon's fall was a contributing cause of his death. The argument is forceful that, with no heart trouble generally observable before the fall and with disabling heart trouble definitely appearing immediately afterwards, the fall was not a coincidence but a cause. Such a finding would not involve a departure from safe reasoning. If death had followed upon the fall immediately, or within a few days, the proof of causal connection might have been more striking, but not necessarily more sure. The physicians agree that the autopsy did not negative the injury as a cause; but the view of those who denied the relation of cause and effect put their opinion upon the ground that the injury, as interpreted by them from the evidence, was not severe enough. The books are full of cases where it is held that death resulting from heart trouble aggravated or accelerated by accident, though the decedent was predisposed thereto, is compensable.

The commission finds the facts. We would have found differently. We appreciate however that others might take a different view, as the members of the commission did. They must have reached their decision largely because of the views expressed by a part of the medical men. They did not think that cause and effect were shown by the fact of an injury followed immediately by disability without other explanation for it, though a part of the experts thought it so,

and though the existence of causal relationship would appeal strongly to the lay mind. We cannot say that the commission could not reach the conclusion it did from a fair consideration of the evidence.

Order affirmed.