CHARLES MARTIN v. NORTHERN COOPERAGE COMPANY AND ANOTHER.
CHARLES MARTIN v. ST. PAUL WRECKAGE COMPANY, INC. AND ANOTHER.[1]

October 4, 1929.

No. 27,475.

[1]Reported in 226 N. W. 767.

*Sexton, Mordaunt & Kennedy,* for relators.

*Norbert L. Wilson,* for respondent.

*Durham & Lystad,* for Northern Cooperage Company and Globe Indemnity Company, its insurer.

OLSEN, C.

Certiorari to review an order of the industrial commission granting compensation to Charles Martin, employe, against the St. Paul Wreckage Company, employer, and its insurer, Constitution Indemnity Company, for disability caused by an industrial accident.

While in the employ of the St. Paul Wreckage Company, Charles Martin was injured in an accident on July 25, 1927. He fell from a building, a considerable distance, and suffered injuries to his head and hip, which resulted in headaches, dizziness and disability. His condition improved and on or about December 3, 1927, he entered the employ of Swift & Company and worked for them until March 22, 1928. The dizziness and headaches increased again during said time, and he became disabled therefrom and had to quit his employment. He was then disabled until about September 1, 1928. The insurer of the St. Paul Wreckage Company paid him compensation, and medical and hospital expenses, during disability, up to September 9, 1928. On or about September 10, 1928, he entered the employ of the Northern Cooperage Company. On September 27, 1928, while in the employ of that company, a limb of a tree fell on his head and inflicted a scalp wound. He laid off three or four days after this accident and then went to work again. He wanted to return to work the next day but was advised by the doctor to wait a day or two. The wound healed promptly. He continued to work for the Northern Cooperage Company until about October 20, 1928. By that time his headaches and dizziness had again increased to such an extent as to disable him from work. He then

went to the hospital for some three weeks and has remained disabled since that time.

In November, 1928, he filed a petition for additional compensation against the St. Paul Wreckage Company and its insurer on account of the injury suffered July 25, 1927, and also a petition for compensation against the Northern Cooperage Company and its insurer on account of the injury suffered on September 27, 1928. The two cases were consolidated and heard as one proceeding before a referee of the industrial commission. The referee made findings and awarded compensation against both employers and insurers. Upon appeals to the commission the findings of the referee were vacated, and the industrial commission made findings, in substance, that the injury suffered on September 27, 1928, while petitioner was in the employ of the Northern Cooperage Company, resulted in no actual physical disability, and that his disability from and after October 21, 1928, was the result of the injury suffered on July 25, 1927, while petitioner was in the employ of the St. Paul Wreckage Company. The commission accordingly awarded compensation against the wreckage company and its insurer for disability from and after October 21, 1928, and held that petitioner was not entitled to any compensation from the Northern Cooperage Company or its insurer. The matter was submitted to the industrial commission upon the evidence taken before the referee. No additional evidence was presented.

These findings of fact and the award so made are challenged as not sustained by the evidence.

Fact issues in workmen's compensation cases are for the industrial commission to determine. The review in this court is limited to the question whether there is evidence reasonably sufficient to sustain the findings of the commission.

A recital of the evidence is not deemed necessary. Taken as a whole, we find the evidence sufficient to sustain the findings of the commission. The testimony of Dr. Brand as to the character and complete healing of the scalp wound, and absence of any complication or indication of any resulting disability therefrom so far as his examination and treatment showed; the opinion of Dr. Hengstler,

not very positive or definite, it is true; the testimony of Mrs. Martin as to the continuance and recurrence of the headaches and suffering from the first accident; the fact of recurrence of the same suffering and disability from the first accident while he was in the employ of Swift & Company in March, 1928, and continuance of such disability, and the very marked similarity of symptoms and condition as they appeared on and after October 21, 1928, to those existing during the summer of 1927 and recurring in March, 1928, before the second accident, tend fairly well to sustain the findings complained of. The fact that findings that the second accident in some degree had aggravated the prior disability might equally well have been sustained is not sufficient to justify us in disturbing the findings actually made.

The conclusions of law awarding compensation as stated are fully sustained by the findings.

The writ of certiorari is discharged and the order of the industrial commission affirmed.

