## MARY HEDQUIST v. PETER SUNDQUIST & COMPANY AND ANOTHER.[1]

November 29, 1929.

No. 27,505.

*C. E. Warner* and *Mark F. Crotty,* for relator.

*Mead & Bryngelson,* for respondent employer and Builders Mutual Casualty Company, its insurer.

STONE, J.

Certiorari to review an order of the industrial commission denying compensation claimed by the dependent widow of John Hedquist, deceased.

Motion was made for the dismissal or discharge of the writ because of the failure of relator to comply with G. S. 1923 (1 Mason,

[1]Reported in 227 N. W. 856.

1927) § 4320. The statute provides that within 30 days from the receipt by the secretary of the industrial commission of the statutory fee of $10 and the "filing with the commission of the return to writ of certiorari and bond, the secretary shall transmit to the clerk of the Supreme Court a true and complete return of the proceedings of the commission in the cause sought to be reviewed, or such parts thereof as may be necessary to enable the Supreme Court properly to review the questions presented to it." Failure to make the return within the time so limited is the ground for the motion.

The motion should be and is denied because the statute above quoted must be taken as directory rather than mandatory. Rambeck v. LeBree, 156 Minn. 310, 194 N. W. 643; 6 Dunnell, Minn. Dig. (2 ed.) § 8954. It certainly was not the intention of the legislature, after prescribing with some care and detail for a review of decisions of the industrial commission by certiorari to this court, to leave it open to the secretary of the commission to oust the court of jurisdiction by failure to make a return within the time specified.

On the merits a simple issue of fact is presented upon which the decision of the commission is final. It is whether the death of Mr. Hedquist was due to sunstroke. An autopsy developed evidence which negatived sunstroke and indicated that death was due to hemorrhagic encephalitis. The facts so discovered were testified to by competent pathologists who conducted the autopsy and who went on to say why in their opinion sunstroke could not have been the cause of death. The industrial commission having taken that view of the issue, it goes without saying that we should not interfere even though inclined to disagree with their decision, which we are not. Reardon v. City of Austin, 174 Minn. 359, 219 N. W. 292; Austin v. Leonard, Crossett & Riley, Inc. 177 Minn. 503, 225 N. W. 428; Martin v. Northern Cooperage Co. 178 Minn. 279, 226 N. W. 767.

It follows from the foregoing that the order under review must be affirmed.

So ordered.