# IDA YLITALA v. INTERNATIONAL HARVESTER COMPANY.[1]

January 31, 1930.

No. 27,595.

*Austin & Wangensteen,* for relator.
*Gannon & Strizich,* for respondent.

TAYLOR, C.

Certiorari to review the decision of the industrial commission denying the application of the petitioner for compensation for the death of her husband, Matt Ylitala.

The commission found that the death of the employe did not result from an accidental injury arising out of and in the course of his employment. It is the province of the commission to determine the facts, and its findings of fact must stand unless manifestly contrary to the evidence. 6 Dunnell, Minn. Dig. (2 ed.) § 10426, and cases cited under note 24.

Matt Ylitala had worked as an underground miner for many years. On September 15, 1928, he and Otto Jarvi were working together as "contract miners" in the Bruce mine at Chisholm for the International Harvester Company. In the forenoon they took

[1]Reported in 229 N. W. 100.

out some ore and brought in material to timber the end of the drift in which they were working. Before going to lunch they drilled three holes in the ore with a "jack hammer" operated by compressed air. On returning from lunch they drilled another hole with the "jack hammer" which took seven or eight minutes. They then placed a light pole in position with one end in this hole. Ylitala then began cutting boards for lagging with an axe. After cutting two or three he told Jarvi he was feeling very badly and to take him to a doctor. Jarvi assisted him to another level where he collapsed. He was placed on a truck, taken to the skip and raised to the surface, but died immediately after reaching the surface.

An autopsy disclosed a dissecting aneurism of the aorta and an opening in the outer wall of this artery through which blood had passed into the pericardium, in which the heart is encased, filling that sac. That death was caused by the rupture of the aorta and that this resulted from a diseased and weakened condition of the walls of that blood vessel is unquestioned. Ylitala was 42 years of age at the time of his death. A physical examination made by a physician something over a year prior thereto disclosed that he then had a blood pressure of 210, much higher than normal for a man of his age.

The claim for compensation is predicated on the theory that the physical exertion of pressing the "jack hammer" against the ore wall while drilling and the vibration of that implement increased the blood pressure and that such increase of blood pressure caused the rupture. The commission reached the conclusion that there was nothing in connection with the work which Ylitala was doing "that would have any material effect upon the blood pressure." The evidence made that question a question of fact for the commission to determine. The evidence in support of the petitioner's claim is not of the conclusive character necessary to justify interference by this court.

The decision of the commission is affirmed and the writ discharged.