## ADA OLSON v. ROBERT STREET REALTY COMPANY AND ANOTHER.[1]

October 24, 1930.

No. 28,001.

*C. E. Warner* and *Hugo V. Koch,* for relator.

*George Hoke* and *Nathan A. Cobb,* for Robert Street Realty Company and Standard Accident Insurance Company, its insurer, respondents.

HILTON, J.

Certiorari to review the decision of the industrial commission denying the application of petitioner, Ada Olson (sole dependent), for compensation for the death of her husband, Justinius Olson.

The commission by a majority vote found that the death of the employe, Justinius Olson, did not result from an accidental injury arising out of and in the course of his employment. The referee had found otherwise. The ultimate determination of the facts was for the commission, and its findings thereon must be sustained unless they are manifestly contrary to the evidence. 6 Dunnell, Minn. Dig. (2 ed.) § 10426, note 24; Hedquist v. Peter Sundquist & Co. 178 Minn. 524, 227 N. W. 856.

Olson, 72 years of age, had been in the employ of the realty company for about 47 years. He was found dead on July 25, 1929, in the back yard of his employer's establishment by the side of a badly rusted, small, castiron pump, which a few days before he had been

[1]Reported in 232 N. W. 716.

directed to take apart when he had a good opportunity. It had not been recently used. Near his body was found a pipe wrench and a hammer. No one saw Olson at work on the pump; his body was not discovered until some time after his death. A week prior to his death, Olson because of illness had been forced to stay at home for two days. On the day of his death he complained of a terrible headache and of feeling quite weak; he had the appearance of being ill.

From the testimony of the physicians, one for claimant and the other for respondents, the commission was justified in concluding: That Olson had arteriosclerosis, high blood pressure, and an enlarged heart weighing 490 grams; that his death was caused by a rupture of the walls of the left part of the heart resulting from a plugging of the left coronary artery; that this plugging, because of Olson's condition, made such a rupture practically inevitable; that there was a necrosis of the heart muscles, the softened condition having existed for several days.

In the opinion of the doctor performing the autopsy a complete closure of the artery had taken place possibly an hour before death and the partial closure had existed perhaps for a day or two. It was agreed that the disease was incurable and bound to be fatal. There was an absence of direct evidence that the deceased was at or immediately prior to his death actually engaged in doing anything or that he was making any effort causing a strain on the heart muscles. The heart was affected with an extreme type of coronary thrombosis, which is always fatal and sufficient to cause death without any unusual exertion.

We do not have before us a proposition as to whether a finding contrary to that of the commission could be sustained under the evidence. This is primarily a fact case. The commission was justified under the evidence in reaching the conclusion that Olson's death was the natural result of his physical condition·and that such condition was in no way associated with an accidental injury arising out of and in the course of his employment. See Ylitala v. International Harv. Co. 179 Minn. 291, 229 N. W. 100. It being the province of the commission to determine the facts in this case, its decision must be and is affirmed.

Affirmed.