## LUCILLE GERHARDT v. MIKE WELCH AND ANOTHER.

125 N. W. (2d) 721.

January 10, 1964—No. 39,011.

*Swanson, Swanson & Swanson, Hilding Swanson,* and *Richard Torrison,* for relator.

*McLeod & Gilmore,* for respondents.

KNUTSON, CHIEF JUSTICE.

Certiorari to review a decision of the Industrial Commission denying compensation to dependents of a deceased employee.

Everett John Gerhardt suffered a compensable back injury on May 8, 1957. He was paid compensation by his employer and the employer's insurer as a result thereof in the sum of $7,110.20, and medical expenses in the sum of $8,985.22 were also paid.

Gerhardt lost his life when the house in which he was living was completely destroyed by fire on June 13, 1960.

After Gerhardt was injured in 1957 he was unable to work. At the time of his death, he lived on a farm about 20 miles from Brainerd. His wife divorced him on September 10, 1958, and she and their children visited him on weekends and at other times. While he had difficulty getting about, he was able to walk with the aid of crutches and could get around in the house with the use of a cane. The evidence shows that a bed had been placed in the kitchen of his farm home about 7 feet from the door which led out to a porch. He kept his crutches right beside the bed. There was a light which he could switch on if he so desired. He was able to dress himself and also to prepare his food. Customarily his ex-wife and children would leave sufficient food when they were at his home so that he had available what was necessary. On the Saturday preceding his death, Gerhardt came to the home of a neighbor approximately three-fourths of a mile from the place where he lived. It was not known how he got there or returned, but it was shown that he would walk to his mailbox, a distance of about half a mile, and he also was able to walk to an outside toilet some distance from his house.

On the Sunday preceding Gerhardt's death, his ex-wife and children were out at the farm home, and that was the last time he was seen alive. At about 2:45 a. m. on Monday, June 13, the sheriff of Crow Wing County received a telephone call advising him that there was a fire at the Gerhardt home. His deputy went to the fire shortly thereafter. People who were already there advised him that they had heard an explosion before the fire. When the deputy sheriff arrived at the home, Gerhardt's body was found lying alongside the bed and was almost completely consumed by the fire. All that remained was his torso.

The evidence shows that propane gas was used for cooking and oil for heating the house. Aside from the fact that Gerhardt died in the fire, there is no showing as to what caused his death. The theory of relator's case is that Gerhardt was unable to escape the fire because of his disability.

The referee found in favor of relator. Upon appeal to the Industrial Commission, the referee's decision was reversed. It was the conclusion of the Industrial Commission:

"* * * There is no persuasive showing that his disabled condition was a factor in his death. It is just as reasonable to infer that the fire consumed the oxygen and that he lost consciousness and was therefore unable even to attempt escape."

The commission further found that "the more reasonable inference here is that the death occurred regardless of the physical condition."

There is only one question involved in the case before us, namely, whether the evidence compels an inference that Gerhardt's death was causally connected with his precedent compensable injury.

It is conceded that if Gerhardt was unable to escape the fire because of his disabled condition his dependents are entitled to compensation. While our statute does not specifically cover this situation, it is undoubtedly recognized in Minn. St. 176.101, subd. 6, where we find the following:

"In case a worker sustains an injury arising out of and in the course of employment, and during the period of disability caused thereby death results approximately therefrom, all payments previously made as compensation for such injury are deducted from any compensation due on account of the death, and accrued compensation due to the deceased prior to his death but not paid is payable to such dependent persons or legal heirs as the commission may order, without probate administration."[1]

The rule is stated in 1 Larson, Workmen's Compensation Law, § 13.00, as follows:

"When the primary injury is shown to have arisen out of and in the course of employment, every natural consequence that flows from the injury likewise arises out of the employment, unless it is the result of an independent intervening cause attributable to claimant's own negligence or misconduct."

Some reference is made to the fact that the referee found in favor of relator. Under our statutes, on appeal to the Industrial Commission the case is tried de novo. On appeal to this court, we review

---

[1] See, Tierney v. Tierney & Co. 176 Minn. 464, 223 N. W. 773; Lewis v. Connolly Contracting Co. 196 Minn. 108, 264 N. W. 581.

the decision of the Industrial Commission, not that of the referee.[2]

■ The burden rests on petitioner to establish by a fair preponderance of the evidence the causal connection between the compensable injury and the subsequent death.[3]

■ Apparently relator concedes that determination of the cause of employee's death presents a question of fact. In her brief she says, among other things:

"* * * the question of whether there can be a recovery in the instant case becomes one of fact. It is necessary for petitioner to show that employe's death by burning was the result of his impaired physical condition or that said condition contributed to his said death."

■ Where two opposing inferences can be drawn with equal justification from the same circumstantial evidence, it cannot be said that one preponderates over the other, in which event the party having the burden of proof must lose.[4]

■ If different inferences justifiably can be drawn from the evidence in the case, the inference drawn by the finder of fact will not be disturbed on appeal. Whether the death of employee was causally connected with his precedent compensable injury, at the best, presents a question of fact.[5]

■ Even though workmen's compensation acts are given a liberal interpretation, findings of the commission must be based on inferences which can reasonably be drawn from competent evidence.[6] Inferences cannot be based on pure speculation or conjecture.

■ In this case, there is absolutely no evidence as to how Gerhardt met his death. The doctor called by relator, who had attended Gerhardt

---

[2]Hartman v. Cold Spring Granite Co. 243 Minn. 264, 67 N. W. (2d) 656; Lappinen v. Union Ore Co. 224 Minn. 395, 29 N. W. (2d) 8.

[3]Sivald v. Ford Motor Co. 188 Minn. 463, 247 N. W. 687.

[4]Saaf v. Duluth Police Pension Relief Assn. 240 Minn. 60, 59 N. W. (2d) 883.

[5]Anderson v. Minnesota Steel Co. 160 Minn. 410, 200 N. W. 475; Reardon v. City of Austin, 174 Minn. 359, 219 N. W. 292; Passe v. Collins, 176 Minn. 638, 223 N. W. 787; see, Olson v. Robert St. Realty Co. 181 Minn. 398, 232 N. W. 716.

[6]Lappinen v. Union Ore Co. 224 Minn. 395, 29 N. W. (2d) 8.

during his lifetime, conceded that it was impossible to tell how he met his death. He testified:

"Q  * * * I will ask you for your opinion * * * whether he had the ability in case of a fire to get out of that bed to save his life?

"A  Well, it is obvious that the man had the ability to get out of bed and move about, because he did it many, many times. Under the conditions of a fire, or conditions that existed at the time of his death, I don't know. He obviously didn't get out. He may have stayed in there too long in an attempt to put the fire out, he may have stumbled and fallen and knocked himself out. I don't know why he didn't get out of the building.

*    *    *    *    *

"Q  * * * He could have had a heart attack, * * * he could have had a stroke, he could have been overcome by smoke before he ever knew there was a fire? Any one of those things could have happened to him. * * * those things are always in the realm of probability.

"A  Yes.

*    *    *    *    *

"Q  He was found lying alongside of the bed?

"A  He was found lying on the floor.

"Q  Alongside of the bed, according to the testimony here today, so we actually don't know if he fell out of bed, knocked himself out, or we don't know, really, what happened?

"A  No.

"Q  In other words, it comes to the point where we are trying to play God, to say why he didn't get out?

"A  That is right, trying to play God."

The best that can be said is that relator has failed to produce evidence from which the Industrial Commission was compelled to draw an inference that Gerhardt's death was causally connected with his precedent compensable injury.

Affirmed.