CHERYL KLING v. ST. BARNABAS HOSPITAL AND ANOTHER.

190 N. W. (2d) 674.

October 1, 1971—No. 42582.

---

*Robb, Van Eps & Gilmore* and *William M. Robb,* for relators.

*Lasley, Foster & Roehrdanz, Wilbur M. Lasley,* and *Ralph Foster,* for respondent.

Heard before Nelson, Otis, Peterson, Kelly, and Rolloff, JJ.

KELLY, JUSTICE.

Writ of certiorari to review a decision of the Workmen's Compensation Commission that an employer had actual knowledge of an injury as contemplated by Minn. St. 176.141. We hold that the employer did not have knowledge of the injury within the statutory period and accordingly reverse.

The sole issue presented for review is whether the commission's finding that the employer had actual knowledge of the employee's injury within 90 days of the occurrence of the injury as required by Minn. St. 176.141 [1] is unsupported by substantial evidence in view of the entire record submitted. [2]

Cheryl Kling, employee, was employed by St. Barnabas Hospi-

---

[1] Minn. St. 176.141 provides: "Unless the employer has actual knowledge of the occurrence of the injury or unless the injured worker, or a dependent or some one in behalf of either, gives written notice thereof to the employer within 14 days after the occurrence of the injury, then no compensation shall be due until such notice is given or knowledge obtained. * * * If the notice is given or the knowledge obtained within 90 days, and if the employee or other beneficiary shows that his failure to give prior notice was due to his mistake, inadvertence, ignorance of fact or law, or inability, or to the fraud, misrepresentation, or deceit of the employer or his agent, then compensation may be allowed, unless the employer shows that he was prejudiced by failure to receive such notice, in which case the amount of compensation shall be reduced by such sum as fairly represents the prejudice shown. Unless knowledge is obtained or written notice given within 90 days after the occurrence of the injury no compensation shall be allowed."

[2] Minn. St. 15.0425. Strei v. Church of St. Joseph, 290 Minn. 565, 188 N. W. (2d) 879.

tal as a nurse's aid. She passed a physical examination when she started her employment with the hospital in 1966. Employee never had any back difficulties prior to her employment with St. Barnabas Hospital.

During August 1967, employee's left foot and leg started to bother her. Employee did not report to anyone in authority at St. Barnabas that her foot and leg were bothering her. As time went by, employee's left leg and low back became painful and she started to limp. Margaret Colstrom, an employee of the hospital who had the duty of furnishing accident report forms to employees, noticed that employee was limping and suggested that employee should consult a doctor. Employee testified that Mrs. Colstrom had no authority over employee. On August 29, 1967, employee went to Dr. Arnold and he diagnosed her condition as obesity and lumbar disc syndrome and hospitalized her at Northwestern Hospital. Employee was given physical therapy and hot pack treatment and was put on a weight reduction program. Employee was released from the hospital on October 14, 1967. She reported to her employer that she was hospitalized but did not state that her injury was work connected.

While in the hospital, employee obtained a claim form for benefits for time lost under a group health and accident policy which the hospital had for its employees. The policy explicitly excluded benefits for illness or injury covered by workmen's compensation. The application was a three-part form. The part filled in by the employee was dated September 27, 1967, and included the following:

"Is disability due to accident or sickness?"
Answer: "Both."

"Did disability arise out of your employment?"
Answer: "[N]ot known."

In the second part which was filled in by Dr. Arnold, dated October 17, 1967, the question, "Did illness arise out of patient's employment?" was answered, "No." In the third part of the form, filled in by the employer, dated October 20, 1967, the ques-

tion, "Did illness or injury result from employment?" was answered, "No." The employee received $312.87 under the policy as a result of filing the form.

The employee returned to work for St. Barnabas Hospital the latter part of November 1967 with a note from Dr. Arnold restricting her lifting to 15 pounds. Employee checked in to health service of the hospital for employees and made no assertion that her missing work was due to a work related injury. About 2 weeks later, Dr. Arnold sent another note to the employer restricting the employee from making beds. Within a few days, her employment terminated. The employee could not recall any specific incident at work that caused the pain in her leg and foot.

The employee admits that from the onset of her troubles in July 1967 up until November 1, 1968, she did not give the employer any idea that they were work-connected. She testified that the possibility of such a connection had never occurred to her during that time.

On or about November 1, 1968, the employee talked with the credit manager of Northwestern Hospital regarding the unpaid portion of her hospital bill (Blue Cross had paid part of the bill). In response to a suggestion that her back problem may have resulted from her work, employee then called Dr. Arnold to discuss such a relationship. Following her discussion with Dr. Arnold, employee contacted the Workmen's Compensation Division. On January 9, 1969, employee notified her employer that her injury was caused by her employment.

The Workmen's Compensation Act was enacted to afford employees and their dependents relief from hardships occasioned by an employment-related event which results in disability or death of the employee. The act's provisions should be construed liberally in order to effectuate the purpose of the act. However, that does not require us to interpret its various sections so as to defeat the rights and interests of the employer granted to him under the act.

Section 176.141 provides in part that the employer must either

be given written notice or have actual knowledge of the occurrence of the injury within 90 days after the occurrence or no compensation shall be allowed. The word injury means an injury arising out of and in the course of employment. Minn. St. 176.011, subd. 16. The notice requirement is designed to enable the employer to furnish immediate medical attention in the hope of minimizing the seriousness of the injury as well as to protect the employer by permitting him to investigate the claim soon after the injury. Pojanowski v. Hart, 288 Minn. 77, 178 N. W. (2d) 913. Thus, the notice or actual knowledge provisions of the statute serve an important function, namely, the protection of the legitimate rights and interests of the employer, and they should not be lightly regarded as mere technicalities.

Since it is conceded that written notice was not given in time, the controlling question is whether or not the employer had "actual knowledge" within the contemplation of § 176.141 of the occurrence of the injury within 90 days of disability. "Actual knowledge" is knowledge of such information as would put a reasonable man on inquiry. Rinne v. W. C. Griffis Co. 234 Minn. 146, 47 N. W. (2d) 872.

This court in commenting on Rinne said in Davidson v. Bermo, Inc. 272 Minn. 97, 101, 137 N. W. (2d) 567, 571:

"The Rinne case seems to indicate that mere notice by the employee to the employer that he has sustained an injury is not sufficient. He must convey to the employer or the employer's foreman or superintendent that the condition is causally related to his employment."

In Pojanowski v. Hart, 288 Minn. 77, 81, 178 N. W. (2d) 913, 916, this court stated:

"* * * [T]he controlling question is whether or not the employer had 'actual knowledge' within the contemplation of § 176.141 of the occurrence of the injury within 90 days of disability. 'Actual knowledge' is knowledge of such information as would put a reasonable man on inquiry. [Citations omitted.]

Mere knowledge of disability following a traumatic injury is not sufficient, for the facts and circumstances of either the disability or the injury must be such as would put a reasonable man on inquiry that the disability is work-related. [Citations omitted.]"

The commission's finding that the employer had "actual knowledge" of the "injury" within the meaning of the statute within the 90-day period is unsupported by substantial evidence in view of the entire record as submitted. The employee was disabled around August 1967, and on January 9, 1969, the employer was notified that the injury was caused by employee's work. Between these dates the only knowledge possessed by her employer was that employee was disabled. There is no substantial evidence which would put the employer on inquiry that employee's injury was work-related.

We realize that the findings of the Workmen's Compensation Commission are entitled to a great weight and will not be disturbed by this court unless they are manifestly contrary to the evidence. But in this case, we believe, the finding of the commission that the employer had "actual knowledge" of the occurrence of the "injury" within the statutory period is unsupported by substantial evidence in view of the entire record as submitted. Therefore, the order of the Workmen's Compensation Commission allowing compensation must be reversed.

Reversed.