CHARLES S. WING, JR. v. CONTROL DATA CORPORATION.

249 N. W. 2d 174.

December 10, 1976—No. 46408.

Johnson, Fredin, Killen, Thibodeau & Seiler, Thomas R. Thibodeau, and Steven C. Fecker, for relator.

Oppenheimer, Wolf, Foster, Shepard & Donnelly and Robert R. Reinhart, Jr., for respondent.

Considered and decided by the court without oral argument.

PER CURIAM.

Writ of certiorari to review a decision of the Workers' Compensation Board denying compensation. The only issue raised is whether employer had actual knowledge of the employee's injury so as to satisfy the notice requirement of either Minn. St. 1971, § 176.141 or § 176.664. We hold that the board's finding that employer did not have actual knowledge is reasonably supported by substantial evidence. See, Kling v. St. Barnabas Hospital, 291 Minn. 257, 190 N. W. 2d 674 (1971); Pojanowski v. Hart, 288 Minn. 77, 178 N. W. 2d 913 (1970).

Affirmed.

YETKA, JUSTICE (dissenting).

I respectfully dissent. The record and the findings of the compensation judge indicate that the employee received a back injury while in

the military service in 1960. Spinal fusion surgery was performed in 1960 and 1961. This injury was known by the employer, but his employment in 1968 by respondent was cleared by a company physician prior to being hired. For several years after commencing work in 1968 employee worked as a core press setup man. His work was satisfactory, though he experienced some back pain. In early 1972 the employee was assigned to work on a larger press. Although he had often told his supervisors he should not lift over 30 pounds, a tray of punches used for this new press weighed 36 pounds. Moreover, he was required twice a day to load bags of memory cores onto a cart, the total weight of this load being 140 to 225 pounds. On this new job, his pain increased, although other employees voluntarily helped Wing with the lifting required. By November of 1972 the pain in his back was so intense Wing submitted to further back surgery.

Now, admitting that no written notice of injury was given by the employee and the employer was not advised specifically until over a year later, namely in the spring of 1974, that Wing claimed his back surgery and resultant permanent total disability was due to injury while on the job, nevertheless, he was in no position to advise his employer earlier because both doctors who had seen him between November 1972 and April 1974 testified that they assumed his back condition was due to the old injury suffered in the military service in 1960. It was not until after he had left the job and had surgery that Dr. Boman, an orthopedist, decided that the preexisting back injury was aggravated by the employment and that the latter caused the subsquent total disability.

The employer knew, however, not only of Wing's 1960 injury but was told by him repeatedly of increasing distress while working on the job. This court has held that actual notice, in absence of written notice, is sufficient and that actual notice is knowledge of such information as would put a reasonable man on inquiry that an injury had occurred and that it was work related. Pojanowski v. Hart, 288 Minn. 77, 178 N. W. 2d 913 (1970). Further, in a case strikingly similar to this one we held that when an employee who suffered from progressive bone disease continually complained of increasing pain to his employer caused by heavy work he had been assigned, that there was a basis for holding that the employer had notice of the injury. Greene v. W & W Generator Rebuilders, 302 Minn. 542, 224 N. W. 157 (1974).

The majority decision has the result of providing that the employer has notice only when a written notice has been received or where a specific complaint is made of a specific injury to the employer. Yet where the employee is injured but has a preexisting back problem and isn't advised by his doctors that the aggravation is work related, he has not

given proper notice when it later is found that in fact the aggravation is work related. How could the employee give notice under those circumstances? Should he be required to file a written notice regardless of his doctor's opinion or advice, something to the effect that "I think I may have been injured on the job, aggravating my previous back condition, but I am not sure." Such a requirement places an unreasonable burden on a common, ordinary lay person.

Wing's condition developed over a period of time and is more akin to an occupational disease than to that of a sudden injury. See, Notch v. Victory Granite Co. 306 Minn. 495, 238 N. W. 2d 426 (1976).

If the board had based its decision on a finding that the disability was not work related and was due solely to his preexisting back injury of 1960, I could understand and support the decision of the board. However, that is not what the board did. It agreed that the injury was work related.

The compensation judge in his findings Nos. III and IV said:

"III.

"That on said date, said employee sustained a personal injury arising out of and in the course of the employment with said employer herein.

"IV.

"That as a result of said personal injury, said employee became permanently totally disabled November 18, 1972, and was so permanently totally disabled to December 4, 1974, the date of the hearing herein, a period of 105 and 3/5 weeks, and remains so permanently totally disabled on said date."

The compensation judge awarded compensation on the basis of these findings and the board, in adopting all of the findings except IV, substituted a new finding No. IV to take the place of finding No. IV of the judge, the new finding and conclusion being:

"IV.

"That the employee did not give statutory notice to said employer of any personal injury and the employer did not have such knowledge as would put a reasonable man upon inquiry to determine whether or not a personal injury had occurred."

It is that holding which I do not believe is supported by any credible evidence and the board should thus be reversed and the finding and order of the compensation judge awarding compensation upheld.

SCOTT, JUSTICE (dissenting).

I join in the dissent of Mr. Justice Yetka.