Helen M. ISSACSON, Respondent,

v.

MINNETONKA, INC. and St. Paul Fire
and Marine Insurance
Company, Relators,

Minnesota Department of Jobs and
Training, intervenor, Respondent.

No. C3–87–940.

Supreme Court of Minnesota.

Sept. 11, 1987.

C.D. Knudson, Gary M. Hagstrom, Mark
G. Pryor, Minneapolis, for relators.

Raymond R. Peterson, Minneapolis, for
Helen M. Issacson.

Richard H. Rhode, St. Paul, for Minn.
Dept. of Jobs and Training.

## OPINION

KELLEY, Justice.

A compensation judge, in denying respondent Helen Issacson's claims for workers' compensation benefits, found that she, an employee of Minnetonka, Inc., had failed to give the statutory notice of injury which is a precedent requirement to the successful establishment of a claim for benefits. In a split decision the Workers' Compensa-

tion Court of Appeals vacated that finding and substituted a finding that the employer had received the statutory notice or had knowledge of Ms. Issacson's alleged work injury.[1] We reverse.

In April 1979, employee began working for employer as a light-duty assembler. In early January 1982, employee began to notice pain in her right arm and shoulder; but she did not report this to anyone at work. On January 20, 1982, employee saw her family doctor who gave her a note that stated: "[a]dvised not to work because of shoulder pain." Because employee had just been given a "layoff notice," she returned to work despite the medical advice. Although she told her supervisor she was "having arm and shoulder problems," she did not recall telling him that the condition was work related. She requested and received what she described as an "easier job" at which she worked until March 1, 1982, when she was "laid off" pursuant to the "layoff notice."

When, in August, employee was recalled to work, she responded that she was unable to return because she was under a doctor's care and needed his authorization to return. The record contains no indication that she told employer at this time her condition was work related. The employer advised her to inform it within 2 weeks concerning her ability to work. Having received no further communication from employee, on October 15, 1982, employer formally terminated employee's employment.

Employer/insurer claimed they first learned of the claim that employee's condition was possibly the result of a work injury on November 10, 1982, the date reflected in a first report of injury made to the insurer by employer. In a deposition at the hearing before the compensation judge, employee was asked if she had ever told her employer that she had been injured at work. Both times employee said she did not remember.

In reversing the compensation judge's finding that Ms. Issacson had failed to give the requisite notice, the WCCA held that her failure was excused because employer had actual knowledge of a work injury or, alternatively, that the injury was trivial or latent.[2]

■ Essential to proof of a claim under the Workers' Compensation Act is a showing that the employer had timely notice or knowledge of the employee's injury within the statutory period. In this case, the normal outside period was 180 days. Minn. Stat. § 176.141 (1986).[3] Clearly, employee did not directly give employer notice in this

1. The compensation judge also found that respondent had not sustained a work-related injury, that she was ineligible for temporary benefits and that she did not sustain any permanent partial disability. The WCCA likewise made substituted findings on those issues, but our opinion makes it unnecessary to address the appropriateness of those findings.

2. These subissues were not addressed by the compensation judge.

3. Minn.Stat. § 176.141 (1986) provides:

Unless the employer has actual knowledge of the occurrence of the injury or unless the injured worker, or a dependent of someone in behalf of either, gives written notice thereof to the employer within 14 days after the occurrence of the injury, then no compensation shall be due until the notice is given or knowledge obtained. If the notice is given or the knowledge obtained within 30 days from the occurrence of the injury, no want, failure, or inaccuracy of a notice shall be a bar to obtaining compensation unless the employer shows prejudice by such want, defect, or inaccuracy, and then only to the extent of the prejudice. If the notice is given or the knowledge obtained within 180 days, and if the employee or other beneficiary shows that failure to give prior notice was due to the employee's or beneficiary's mistake, inadvertence, ignorance of fact or law, or inability, or to the fraud, misrepresentation, or deceit of the employer or agent, then compensation may be allowed, unless the employer shows prejudice by failure to receive the notice, in which case the amount of compensation shall be reduced by a sum which fairly represents the prejudice shown. Unless knowledge is obtained or written notice given within 180 days after the occurrence of the injury no compensation shall be allowed, except that an employee who is unable, because of mental or physical incapacity, to give notice to the employer within 180 days of the injury shall give the prescribed notice within 180 days from the time the incapacity ceases.

case. The crucial question is whether the employer had "actual knowledge." In *Pojanowski v. Hart*, 288 Minn. 77, 81, 178 N.W.2d 913, 916 (1970), we addressed that portion of the notice requirement of section 176.141 as follows:

'Actual knowledge' is knowledge of such information as would put a reasonable man on inquiry. * * * Mere knowledge of a disability following a traumatic injury is not sufficient, for the facts and circumstances of either the disability or the injury must be such as would put a reasonable man on inquiry that the disability is work-related.

(Citations omitted). For actual knowledge to exist, an employer must have some information connecting work activity with an injury. *E.g., Greene v. W & W Generator Rebuilders*, 302 Minn. 542, 224 N.W.2d 157 (1974). It is simply not enough that the employer is aware that an employee has shoulder pain. *Rinne v. W.C. Griffis Co.*, 234 Minn. 146, 47 N.W.2d 872 (1951); *see also Wing v. Control Data Corp.*, 311 Minn. 535, 249 N.W.2d 174 (1976). *See generally*, 3 A. Larson, *The Law of Workmen's Compensation* § 78.31(a) (1983). The record in this case shows that the employer was aware only that employee was having arm and shoulder problems— not that it arose from employee's work. A finding of actual knowledge that the condition was related to work on these facts was manifestly contrary to the evidence. *Hengemuhle v. Long Prairie Jaycees*, 358 N.W.2d 54 (Minn.1984).[4]

 In concluding that the employee's failure to give timely notice was excused because "neither party was aware of the claimed work-relatedness of the injury" until a medical opinion on causation dated in December 1984, the WCCA erroneously applied the latent or trivial injury rule. Indeed, the notice period found in Minn.Stat. § 176.141 may, in effect, be "tolled" if the injury claimed by the employee is deemed to be trivial or latent. In such case the statutory time for giving the required notice commences to run not from the time there exists a medical opinion on causation, as the WCCA held, but rather from the time it becomes reasonably apparent to the employee that the injury has resulted in, or is likely to cause, a compensable disability. *Rebiski v. Pioneer Tel. Co.*, 262 N.W.2d 424 (Minn.1978); *Barcel v. Barrel Finish*, 304 Minn. 536, 232 N.W.2d 13 (1975); *Clausen v. Minnesota Steel Co.*, 186 Minn. 80, 242 N.W. 397 (1932). Professor Larson has enunciated this principle as follows:

The time period for notice or claim does not begin to run until the claimant, as a reasonable person, should recognize the nature, seriousness and probable compensable character of his injury or disease.

3 A. Larson, *The Law of Workmen's Compensation* § 78.41(a) (1983). *See also Bloese v. Twin City Etching, Inc.*, 316 N.W.2d 568 (Minn.1982).[5]

In this case, viewing the record as a whole, substantial evidence exists to sustain the compensation judge's implicit finding that employee had sufficient information concerning the nature of her injury, its seriousness, and probable compensability in January 1982 so as to trigger the running of the 180–day period for giving notice. The contrary finding of the WCCA which, in effect, held the statute had been tolled was manifestly contrary to the evidence. *Hengemuhle v. Long Prairie Jaycees*, 358 N.W.2d 54 (Minn.1984).

Accordingly, we reverse.

COYNE, J., took no part in the consideration or decision of this case.

---

4. This limited scope of review, namely, that findings will not be disturbed unless they are manifestly contrary to the evidence, is used by this court to review decisions of the WCCA. *Hengemuhle, supra*, at 60–61. We are using this standard of review as the compensation judge in this case did not address the subissues of excuses for late notice.

5. While *Bloese* involves an occupational injury for which there is a different statute governing notice, Minn.Stat. § 176.151, the underlying principles for excusing otherwise untimely notice are the same so the rules governing application of the principles should be the same.