**Harold E. SMITH, Relator,**

v.

**MAGNETIC PERIPHERALS/CDC, self-insured, Minnesota Department of Jobs and Training, Intervenor, Minnesota Department of Human Services, Intervenor, Respondents.**

CX–87–1275.

Supreme Court of Minnesota.

Jan. 15, 1988.

Rehearing Denied Jan. 15, 1988.

## MEMORANDUM

■ The employee in this workers' compensation matter filed a claim for benefits arising out of a 1982 injury which the compensation judge denied on statutory notice grounds. Minn.Stat. § 176.141 (1982). Upon the employee's appeal, the Workers' Compensation Court of Appeals affirmed. The employee then sought further review in this court, first claiming a violation of Minn.Stat. § 176.321, subd. 2. His argument, however, was grounded in a misreading of that statute. Essential to the employee's claim was proof that the employer/self-insured had notice that the 1982 injury was work-related. *Issacson v. Minnetonka, Inc.*, 411 N.W.2d 865 (Minn. 1987). Pursuant to Minn.Stat. § 176.321, subd. 2, the compensation judge was empowered to require proof of that fact even though it was not specifically denied in the answer to the claim petition. The employer also claimed that Minn.R. 1415.1900, subp. 7, which deals with a preclusion sanction available in the event of nondisclosure of evidence or other matters at the pre-trial conference, precluded consideration of the notice defense at the compensation hearing in this case. This rule is not self-executing; and a party wishing to take advantage of the preclusion sanction should object to the untimely disclosure and to the presentation of evidence related thereto. Obviously, the preclusion sanction was never intended to become a means for counsel to lay error

and have an automatic retrial in the event he was unsuccessful in the first hearing, particularly in the absence of any showing of prejudice due to the alleged untimely disclosure.[1]

Having found no error at the lower court level with respect to the issues raised by the employee's counsel on appeal to this court, we summarily affirmed in an order dated October 29, 1987, 414 N.W.2d 412.

The employee's counsel subsequently filed a petition for rehearing in which he essentially restated his claims and further asserted that because he was not granted oral argument and the matter was summarily affirmed, this court had not carefully considered his prior claims. His claims on behalf of employee were carefully considered; and counsel's assertion is both unfounded and incorrect.

Because counsel has alleged no grounds upon which rehearing would be appropriate and because we our satisfied with the correctness of the earlier determination to affirm the decision of the Worker's Compensation Court of Appeals, the petition for rehearing is hereby denied.

---

1. Counsel for the employee also suggested on appeal to this court a further procedural "error" at the Workers' Compensation Court of Appeals level wherein he was "denied" a requested oral argument before that court. Our review of the record revealed that it contains a letter from one of the Workers' Compensation Court of Appeals judges to the parties notifying them of the right to oral argument and directing them to make a request within a certain number of days if they desired argument. The letter also states that a failure to make the request within that time would be deemed a waiver of argument. Employee's counsel indicated in his brief that he made a request for argument after he filed the brief. The brief was filed several weeks after a "waiver" would have been presumed by the Workers' Compensation Court of Appeals in this case.