Barbara L. FREYHOLTZ, Relator,

v.

**BLACKDUCK SCHOOL DISTRICT # 32 and American Compensation Ins. Co./RTW, Inc., Respondents.**

No. C1–00–268.

Supreme Court of Minnesota.

July 13, 2000.

Rehearing Denied Aug. 14, 2000.

Hazelton & Rodgers, P.C., Mark L. Rodgers, Bemidji, for relator.

Cousineau, McGuire & Anderson, Chartered, Thomas V. Maguire, Justin A. Hanson, Minneapolis, for respondent.

## OPINION

STRINGER, Justice.

This workers' compensation matter comes before us by certiorari upon the petition of the employee to review a decision of the Workers' Compensation Court of Appeals affirming the compensation judge's determination that the employer did not have timely notice of the employee's work-related back injury. We affirm.

On September 17, 1996, while engaged in cleaning work for the Blackduck School District, employee Barbara Freyholtz had an onset of back pain while moving a desk. She reported the injury to her chiropractor the next day when she was seen at a previously scheduled appointment for unrelated, pre-existing medical conditions. The chiropractor told the employee that

her back injury was causally related to the work incident. The employee was reluctant to report the injury to her employer, however, as she "felt maybe it wasn't too big of a deal" and "didn't take it too seriously at first," although she continued to receive regular chiropractic care for her back. Ultimately, the employee reported the injury to her employer on October 22, 1996, and subsequently petitioned for workers' compensation benefits. Following a hearing, benefits were denied by the compensation judge on finding that the employee had not provided timely notice of injury. On appeal, the Workers' Compensation Court of Appeals affirmed.

By statute, where notice of injury is provided within 30 days from the occurrence of the injury, "no want, failure, or inaccuracy of a notice" will bar compensation unless the employer shows prejudice. Minn.Stat. § 176.141 (1998). Where notice is provided to the employer more than 30 days but less than 180 days from the occurrence of the injury, compensation is still payable if the employee "shows that failure to give prior notice was due to the employee's * * * mistake, inadvertence, ignorance of fact or law, or inability, or to the fraud, misrepresentation, or deceit of the employer or agent." *Id.* Late notice may also be excused by the trivial injury rule. *See Issacson v. Minnetonka, Inc.*, 411 N.W.2d 865, 867 (Minn.1987). Here, the compensation judge found that the employee's late notice was not excused by reason of mistake, inadvertence, ignorance of fact or law, inability, employer conduct or the trivial injury rule.

When a workers' compensation matter comes to this court on certiorari, if the compensation judge's findings have been reversed, we look at the record to see if the compensation judge's findings had substantial evidentiary support. *See, e.g, Ruether v. State*, 455 N.W.2d 475, 478

(Minn.1990); *Polaschek v. Asbestos Products, Inc.*, 361 N.W.2d 37, 42 (Minn.1985). If the findings have been affirmed, however, we will not intrude unless the findings are "manifestly contrary to the evidence" or unless "the evidence clearly requires reasonable minds to adopt a contrary conclusion." *Egeland v. City of Minneapolis*, 344 N.W.2d 597, 601 (Minn.1984) (quoting *McClish v. Pan–O–Gold Baking Co.*, 336 N.W.2d 538, 541 (Minn.1983)). We are also committed to the principle that if different inferences can justifiably be drawn from the same evidence in the case, the inference drawn by the factfinder will not be disturbed on appeal. *See Dille v. Knox Lumber/Div. of Southwest Forest*, 452 N.W.2d 679, 681 (Minn.1990) (citing *Gerhardt v. Welch*, 267 Minn. 206, 210, 125 N.W.2d 721, 724 (1964)). "It is not the function of this court to weigh the evidence to find facts to meet our preference." *Dille*, 452 N.W.2d at 681 (citing *Hengemuhle v. Long Prairie Jaycees*, 358 N.W.2d 54, 60 (Minn.1984)). That we might have found the facts differently is not the basis for reversal in a case such as this where the facts, viewed in the light most favorable to the findings, sustain the determination of the compensation judge and the Workers' Compensation Court of Appeals that the notice requirements of section 176.141 had not been met.[1]

Affirmed.

GILBERT, Justice (dissenting).

I respectfully dissent. The majority ignores the facts of this case to uphold an artificial application of our precedent with unreasonable consequences. At a time when there is a concern for frivolous litigation and unfounded workers' compensation claims, the employee should not be penalized for the failure to notify the employer immediately when she did not take her injury too seriously at first, thought that

1. The assertion of the dissent that there is no evidence to support the finding of the compensation judge that the employee's failure to give timely notice was not excused by mistake, inadvertence, or ignorance of fact or law is not supported by the record and is an overstatement.

her chiropractor could take care of the problem and continued on at work. As soon as the employee discovered that the injury was more serious than she originally believed and experienced problems from the injury that resulted in work-related consequences, such as having to miss work, she immediately took action to fully notify the employer of the injury.

The compensation judge's conclusion that there was a failure to show mistake, inadvertence or ignorance of fact or law was made without any findings based on substantial evidentiary support. As the majority notes, the employee has the burden to show mistake of fact or law if notice of the injury was given to the employer more than 30 days after the occurrence of the injury, in order for compensation to be payable. The only relevant testimony in this record before the compensation judge on this issue was the employee's testimony. The employee's unimpeached testimony included statements that she did not think her injury was serious, that it would be easily corrected and that she did not believe she had a compensable injury until it affected her work. On this record, the compensation judge clearly erred when he stated that "[t]here was no evidence presented" to show mistake of fact or law. In order to conclude that "no evidence" was presented, the judge must have rejected the employee's testimony. He did so without giving any reason or making any finding supported by substantial evidence. There is no conflicting evidence that the judge could have adjudged more credible, to which we must defer. There is no evidence to support the employer's assertion that the judge must have determined that she was not credible on this point. *See also* Minn.Stat. § 176.371 (1998) (providing a memorandum attached to a compensation judge's decision is not necessary unless "necessary to delineate the reasons for the decision or to discuss the credibility of witnesses"). The compensation judge found her credible on the other facets of her claim, finding that she did injure her middle and upper back in the course of her employment and that chiropractic treat-

ment was reasonable for the first 12 weeks of treatment, but then found the claim barred by the alleged notice defect. Without such a finding on credibility or any other evidence in the record, it is not a reasonable inference of the employee's testimony that it was deliberate rather than inadvertent conduct that resulted in the employee missing the 30-day limit on notice. The compensation judge's finding of no mistake of fact or law is manifestly contrary to the evidence. We need not defer to the compensation judge's decision when the judge has completely failed to explain his reasoning and support it with substantial evidence.

This error was compounded by the Workers' Compensation Court of Appeals' decision. The court conceded there was evidence that supported the contention that the employee failed to give early notice because she had the mistaken fact belief that she was not seriously injured and that the injury could be easily and promptly taken care of. A mistake of law was made by the Workers' Compensation Court of Appeals in upholding the compensation judge's erroneous finding of no mistake by summarily stating "In the absence of more definitive evidence on the point, the issue is one in which competing inferences may be drawn from the evidence." However, there was no need for "more definitive evidence" because there was no other relevant evidence on the question of mistake or inadvertence. There was also no support in the record or in the compensation judge's findings for disregarding the employee's testimony. Without such contrary evidence, there were no competing inferences that could be drawn. The employee went forward and met her burden of proof with no impeaching testimony offered by the employer. Because there was no substantial basis supporting the compensation judge's finding, the Workers' Compensation Court of Appeals' conclusion that the finding was sufficiently supported was incorrect as a matter of law and should be reversed.

The fact that the employee's burden of proof had been met is coupled with the

fact that the employer suffered no prejudice on this record. This further supports the conclusion that the employee's claim should proceed. *See generally* Minn.Stat. § 176 .141 (1998) (providing for the reduction of compensation where employer is prejudiced by failure to receive timely notice). The purpose of the notice requirement is to enable the employer to furnish prompt medical attention and timely investigate the circumstances of the injury. *See Kling v. St. Barnabas Hosp.*, 291 Minn. 257, 261, 190 N.W.2d 674, 677 (1971). Here the employee promptly sought medical attention within the 30–day period and failing to receive notice on day 30 instead of day 34 did not prejudice the employer. I would reverse the Workers' Compensation Court of Appeals and remand for trial.

PAGE, J.

I join in the dissent of Justice Gilbert.

PAUL H. ANDERSON, J.

I join in the dissent of Justice Gilbert.