MOORE, Judge,
concurring specially.
I concur in the main opinion’s decision to reverse the trial court’s judgment and remand the case because of the failure of the employee to properly notify the employer of his injury. I write specially to address the parties’ dispute regarding the wording, type, and sufficiency of the notice the employee provided in this case.
*512 At trial, the parties disputed the exact wording the employee used to notify the employer of his back injury. On direct examination, the employee testified that during a telephone conversation with his supervisor on the Monday morning following his injury, the employee told the supervisor that he had injured his back while “emptying the trash can at work Saturday night.” The employer objected to that testimony on the ground that it conflicted with the employee’s pretrial statement to a workers’ compensation insurance claims adjuster and the employee’s deposition testimony, in which the employee had consistently stated that he merely said he had hurt his back “emptying the trash can.” The trial court overruled that objection, but it indicated that it would consider the inconsistency when weighing the evidence and determining the content of the telephone conversation. After reviewing all the evidence, the trial court made a specific determination that the employee had merely stated in the telephone conversation that he had injured his back “while emptying the trash can.”
Under the Workers’ Compensation Act, § 25-5-1 et seq., Ala.Code 1975 (“the Act”), “[i]n reviewing pure findings of fact, the finding of the circuit court shall not be reversed if that finding is supported by substantial evidence.” Ala.Code 1975, § 25-5-81 (e)(2). It is the province of the trial court to weigh the evidence for the purpose of resolving conflicts therein and making findings of fact. See Ala. Code 1975, § 25-5-81(a) & (c). On appeal, a trial court’s findings of fact based on conflicting evidence are conclusive on this court if they are supported by substantial evidence. Edwards v. Jesse Stutts, Inc., 655 So.2d 1012 (Ala.Civ.App.1995). “Substantial evidence” is ‘“evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ ” Ex parte Trinity Indus., Inc., 680 So.2d 262, 268 (Ala.1996) (quoting West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989)); see also Ala.Code 1975, § 12-21-12(d). In this case, substantial evidence, including the transcript of the employee’s prior statement and his deposition testimony, supports the trial court’s determination that the employee merely stated that he had injured his back while “emptying the trash can.” On review, therefore, this court is limited to considering whether the employee’s statement, as determined by the trial court, satisfies the notice requirement of the Act.
The Act refers to only two types of notice — written notice and actual knowledge. Alabama Code 1975, § 25-5-78, provides, in pertinent part:
“For purposes of this article only, an injured employee or the employee’s representative, within five days after the occurrence of an accident, shall give or cause to be given to the employer written notice of the accident.”
Alabama Code 1975, § 25-5-88, provides that a verified complaint seeking benefits under the Act shall set forth, among other facts, “the knowledge of the employer of the injury or the notice to him thereof.” Thus, although § 25-5-78 appears to mandate some form of written notice, the Act also contemplates that the employer’s actual knowledge of the injury alternatively satisfies the notice requirement. See Ex parte Stith Coal Co., 213 Ala. 399, 104 So. 756 (1925).
Little controversy has arisen over the written-notice requirement because the Act sets out in detail the type of information that suffices to impart adequate written notice to the employer. Alabama Code 1975, § 25-5-79, provides, in pertinent part, that the written notice
*513 “shall be substantially in the following form:
“ ‘Notice — You are hereby notified that an injury was received by . who was in your employ at . while engaged as ., under the superintendency of ., on or about the . day of., 20 ..at about ... o’clock, ... m., and who is now located at.(give town, street and number), that so far as now known, the nature of the injury was . and that compensation may be claimed therefor. (Signed . (giving address) .dated., 20 ...’
“No variation from this form shall be material if the notice is sufficient to advise the employer that a certain employee, by name, received a specified injury in the course of the employment on or about a specified time, at or near a certain place specified.”
By the plain terms of § 25-5-79, any written notice that informs the employer that an identified employee received an injury in the course of his or her employment on a certain date and time and at a certain location would satisfy the notice requirement of the Act. See, e.g., C.E. Adams & Co. v. Harrell, 257 Ala. 25, 57 So.2d 88 (1952).
On the other hand, the Act does not describe in any detail the “knowledge” that would adequately substitute for written notice. The appellate courts of this state have reasoned, however, that written notice is not required when all the purposes of written notice have been satisfied. See Sloss-Sheffield Steel & Iron Co. v. Foote, 229 Ala. 189, 155 So. 629 (1934). Thus, the “knowledge” alternative is satisfied when the employer promptly obtains information through sufficiently reliable means that the employee was injured by an accident at a time and place within the course of the employment so as to enable the employer to investigate the facts surrounding the injury in order to protect itself from simulated or exaggerated claims and to provide the employee immediate and proper medical care. See, e.g., James v. Hornady Truck Line, Inc., 601 So.2d 1059 (Ala.Civ.App.1992).
In Russell Coal Co. v. Williams, 550 So.2d 1007 (Ala.Civ.App.1989), this court explained the type of information that would impart sufficient “knowledge” to the employer. The court, relying on several Minnesota cases, held that “if ... the employer has some information connecting work activity with an injury, it may be put on reasonable notice to investigate further.” 550 So.2d at 1012 (citing Pojanowski v. Hart, 288 Minn. 77, 81, 178 N.W.2d 913, 916 (1970), Issacson v. Minnetonka, Inc., 411 N.W.2d 865 (Minn.1987), and Greene v. W & W Generator Rebuilders, 302 Minn. 542, 224 N.W.2d 157 (1974)). This statement of the law actually reduces the quantum of information that suffices to meet the “knowledge” alternative. Whereas before Williams Alabama case-law required that the employer receive knowledge that the employee suffered an injury at a certain time and place within the course of the employment, after Williams the “knowledge” alternative requires only that the employer receive some information that the employee received a work-related injury. The law now places a duty on the employer, once it obtains the basic information linking an injury to the employment, to investigate further to determine the time, place, and circumstances of the injury so as to enable the employer to protect itself against simulated and exaggerated claims and to provide immediate and proper medical care to the employee.
In this case, the employee asserts that the employer had “actual knowledge” that *514 the employee’s injury was work related as a result of the employee’s statement to his supervisor during a telephone conversation. Actually, the employee argues that he orally notified the employer of the accident. At one time, our supreme court considered oral notice by the employee to be totally inadequate under the Act because it did not meet the written-notice or knowledge requirements. See American Radiator Co. v. Andino, 217 Ala. 424, 116 So. 121 (1928). “Knowledge” did not encompass a mere oral description of the injury by the employee; rather, it referred to information gathered from direct observation by the employer, its supervisory employees, or its medical personnel. See Foote, supra. Our supreme court later softened its view when it held that oral notice of the details of the injury would be sufficient so long as the employer had other knowledge that indicated that the injury was work related. See Virginia-Carolina Chem. Co. v. Cherry, 233 Ala. 582, 173 So. 86 (1937).
Although our supreme court had not retreated from this position, and although the legislature had not amended the workers’ compensation laws in any material respect, this court in 1975 declared that oral notice, standing alone, would satisfy the notice provisions of the workers’ compensation laws. See Beatrice Foods Co. v. Clemons, 54 Ala.App. 150, 306 So.2d 18 (1975). After Clemons, oral notice by an employee to an employer has been treated as being synonymous with “knowledge” if it sufficiently imparts to the employer information indicating that the employee received an injury in the course of his employment, thus enabling the employer to investigate further to determine the specifics of the injury and to protect its interests. See, e.g., Ex parte Slimp, 660 So.2d 994 (Ala.1995).
After finding that the employee in this case had merely stated that he had hurt his back while “emptying the trash can,” the trial court concluded that that information, when coupled with the supervisor’s knowledge that the employee regularly emptied a large trash can at the end of his shift, was sufficient to place a duty on the employer to investigate further to determine if, in fact, the employee was reporting a work-related injury. In reaching that conclusion, the trial court misapplied the law. Oral notice is not sufficient if it merely relates that the employee is in pain or has a medical problem, see, e.g., Premdor Corp. v. Jones, 880 So.2d 1148 (Ala.Civ.App.2003); Fort James Operating Co. v. Crump, 947 So.2d 1053, 1067-68 (Ala.Civ.App.2005), or if the employee reports an injury that could just as easily be non-work related. See Thomas v. Gold Kist, Inc., 628 So.2d 864 (Ala.Civ.App.1993). Rather, in oral-notice cases, like other “knowledge” cases, the employee has the burden of notifying the employer that his injury is work related. Williams, supra. The employer’s duty to investigate relates only to the details of the accident after the employee has provided the employer with information that the injury is work related. The employer has no duty to make the threshold determination of whether the employee is reporting a work-related injury.
By requiring the employer in this case to question the employee further to determine if the employee was, in fact, reporting that he had injured himself emptying the trash can at work as opposed to emptying his own trash can at home, the trial court erroneously relieved the employee of his primary duty to notify the employer that his injury was work related and placed the burden on the employer to establish, through investigation, whether the injury was work related. Following the reasoning of the trial court’s judgment, *515 any time an employee reports an injury that could be work related, which is practically any type of orthopedic or neurological injury, the employer would have a duty to interrogate the employee to determine if, in fact, the employee is referring to an occupational injury.
As established above in the short treatment of the history of the law regarding notice, the appellate courts have gone far in reducing the statutory burden on the employee. Those efforts have been justified as a reasonable means to assure that the notice/knowledge requirement does not become a trap for the helpless and unadvised employee. See Ex parte Stith Coal Co., supra. However, the law does not place any undue hardship on even the most unsophisticated employee by demanding that the employee relate his injury to a work-related event, activity, or condition. In this case, for example, the employee easily could have told his supervisor that he injured his back “while emptying the trash can at work on Saturday night” as he testified at trial. However, because he did not, the trial court could not excuse his failure on the ground that the employer could have questioned him further to determine whether his injury was work related. In detailing the minimal information required to constitute sufficient notice in § 25-5-79, and in placing the duty on the employee to provide that information, the legislature plainly did not intend the type of inquiry the trial court’s judgment contemplates. Accordingly, I concur in reversing the trial court’s judgment.
THOMAS, J., concurs.