(109 So. 360)

## NEW RIVER COAL CO. v. FILES.
### (6 Div. 738.)

(Supreme Court of Alabama. June 30, 1926.)

**I. Master and servant �köö373—Injury to miner by breathing gases, held due to "accident" (Code 1923, § 7596i).**

Injury to miner by breathing carbon monoxide or carbon dioxide gas, due to insufficient ventilation and passing of current of such air through opening he was making into room where other workmen had been shooting, *held* due to "accident" within Code 1923, § 7596i.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Accident —Accidental.]

**2. Master and servant �köö374.**

Employee's disease results proximately from accident, so as to be "personal injury" under Code 1923, § 7596j, if it is induced by lowered resistance caused by accident or is aggravated or accelerated by it.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Personal Injury.]

**3. Master and servant ⊃373.**

Employees may receive benefits of Workmen's Compensation Law (Code 1923, §§ 7543–7597), whenever accident is proximate contributing cause, acting on particular individual to produce disability to work, whether directly or through disease.

**4. Certiorari ⊃68.**

Supreme Court does not review weight of evidence on certiorari.

**5. Master and servant ⊃403.**

Burden is on claimant under Workmen's Compensation Law (Code 1923, §§ 7543–7597) to show conditions on which his right to compensation depends.

**6. Master and servant ⊃405(4).**

Evidence *held* to support judgment for miner claiming compensation for disability resulting from inhaling gases.

Certiorari to Circuit Court, Walker County; R. L. Blanton, Judge.

Proceeding under the Workmen's Compensation Act by Jasper Files, claimant, opposed by the New River Coal Company, employer. Judgment for claimant, and the employer petitions for certiorari. Transferred from Court of Appeals under Code 1923, § 7326. Writ denied and judgment affirmed.

Percy, Benners & Burr and Salem Ford, all of Birmingham, for appellant.

Before an employé is entitled to compensation, there must have been an accident as a proximate result of which he received personal injury, and the accident must have happened in the course of his employment. Code 1923, § 7534; In re McNicol, 215 Mass. 497, 102 N. E. 697, L. R. A. 1916A, 306; Ex parte

---

Majestic Coal Co., 208 Ala. 86, 93 So. 728; Ex parte Terry, 211 Ala. 418, 100 So. 768; Ex parte L. & N., 208 Ala. 216, 94 So. 289. The burden of proof is upon plaintiff to establish the fact of injury in course of employment. Ex parte Coleman, 211 Ala. 248, 100 So. 114; Ex parte Little Cahaba Coal Co., 213 Ala. 244, 104 So. 422. A judgment against the overwhelming weight of the evidence will be set aside on appeal. Gassenheimer v. W. R. of Ala. 175 Ala. 319, 57 So. 718, 40 L. R. A. (N. S.) 998; Southern R. Co. v. Herron, 189 Ala. 662, 66 So. 627; Twinn Tree Lbr. Co. v. Day, 181 Ala. 565, 61 So. 914.

Ray & Cooner, of Jasper, for appellee.

Brief of counsel did not reach the Reporter.

BOULDIN, J. "Accident" is defined in our Workmen's Compensation Law to mean "an unexpected or unforeseen event, happening suddenly and violently with or without human fault, and producing at the time injury to the physical structure of the body, by accidental means." Code, § 7596i. "Personal injuries * * * shall not include a disease unless the disease results proximately from the accident." Id. (j).

The evidence for plaintiff tended to show that while engaged in coal mining he was overcome and for a time rendered unconscious from breathing carbon dioxide or carbon monoxide, or both; that the bad air was due to insufficient ventilation; that the immediate cause of his suffocation was a current of such air passing through an opening he was making into a room where other workmen had been shooting, the gases from the shots not having disappeared.

[1] We have no difficulty in holding that whatever injury and disability resulted proximately from this event was due to accident within the meaning of the act. Whether his suffocation resulted from breathing such air for several hours, or the inflowing air from the other room for a few minutes, the event "happened suddenly and violently," as contradistinguished from occupational disease. Taking this evidence as true, the injury was referable to a definite time, place, and circumstances. 1 Honnold on Workmen's Com.

215 ALA.—5

§ 138, p. 539; 1 Schneider's Work. Com. L., § 135, pp. 303 to 310.

[2, 3] A disease "results proximately from the accident" if the disease is induced by lowered resistance proximately caused by the accident, or if it is aggravated or accelerated by the accident so that the disabling injury results proximately from the accident— would not have developed but for the accident. The benefits of the Workmen's Compensation Law (Code, §§ 7543–7597) are not limited to those in perfect health. The test is: Was the accident a proximate contributing cause acting upon the particular individual to produce the disability to work, whether directly or through disease? 1 Schneider's Work. Com. L., § 138, pp. 312 to 320; 1 Honnold on Workmen's Com., § 98, pp. 304 to 309.

That the employee was in apparent good health, able to work regularly, that from and after the accident he was unable to work, had symptoms of heart weakness, that disability from abnormal heart condition appeared on examination at the time of the trial, furnishes some evidence of causal connection between the accident and the disability.

Giving full effect to the opinion evidence that persons in good health quickly and fully revive from the effects of carbon dioxide without lasting injury, this must be viewed in the light of all the evidence. It cannot be said with certainty that carbon dioxide alone caused the suffocation.

[4] This court does not review the weight of the evidence on certiorari.

[5] True, the burden of proof in the trial court is on the claimant to prove the conditions upon which his right to compensation depends. The issue should be determined fairly upon the legal evidence as in other cases; but the law places that responsibility on the trial judge.

[6] It cannot be declared on this record that there was no evidence of injury from accident within the Workmen's Compensation Law.

Writ denied; judgment affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.