253 So.2d 37

**The B. F. GOODRICH COMPANY**

**v.**

**Lawless MARTIN.**

**6 Div. 92.**

Court of Civil Appeals of Alabama.

July 7, 1971.

Rehearings Denied July 28, 1971.

Edward F. Morgan, Tuscaloosa, for appellee.

Jones, McEachin, Ormond & Fulton, and James F. Hughey, Jr., Tuscaloosa, for appellant.

**WRIGHT, Judge.**

This matter comes by way of writ of certiorari from the Circuit Court of Tuscaloosa County, Alabama. It involves a claim for Workmen's Compensation by appellee, Lawless Martin, against appellant, The B. F. Goodrich Company, a Corporation.

Martin was employed in the tire plant of appellant in Tuscaloosa in 1949. He remained as an employee, though off from work from time to time with various illnesses until 1968, when he retired for medical reasons not connected with this case. In November of 1964, Martin assumed a job in which he applied cement or glue to strips of rubber as they passed by on a conveyer. In 1965, he began to have asthmatic attacks while at work, particularly on Sunday night shifts after the plant had been closed during the weekend. He had experienced asthma before but it became aggravated in 1965. In the early part of 1966, he began experiencing headaches, sore throat and nausea while at work, and had an onset of glossitis or ulcerated mouth, tongue and throat. Martin was off from his job several times in 1966 with such ulcers and was treated regularly by doctors for them. They were so bad at times that they would extend downward into his throat. In August of 1966, a rash appeared on his body and limbs. The nurse at the plant dispensary was informed of these various conditions and made notations of them in Martin's medical record. She further noted in the records that appellee's doctor had advised that his problems were resulting from contact with something on his job and that it could be the cement he was placing on the rubber.

On March 25, 1966, appellee's physician wrote a letter to the plant chief of personnel advising him of Martin's condition stating the cause to be an allergy and recommending placing him on a different job. On December of 1966, at the suggestion of his doctor, appellee requested from his superintendent a sample of the cement for testing for allergic reaction. He was denied such sample and was told the company knew what was in it.

Appellee's union president had discussed with appellant his medical problems and requested a job change for him in 1966. In January of 1966, appellee suffered an attack of ulcers and was given a different job by appellant. However, the new job was still in the general area of the previous one and the odor of the cement was present in the new location. Shortly after returning from a vacation and beginning the new job, Martin went to work on Sunday night,

April 9, 1967. He had recovered from his most recent attack of ulcers. By the end of his shift on April 10, 1967, Martin was suffering from an allergic reaction which developed into ulcers so severe he was unable to return to work until October 1967. While appellee was off from work, appellant, in July 1967, assigned Martin to another job completely away from the area where the cement was located. When he returned to this new job in October 1967, he had no further allergic attacks and had had no problems of such nature up to the time of his retirement from appellant's employ. The attack of April 9–10, 1967, is the time of accident and injury for which recovery of compensation was sought in the suit filed. It is from the decree awarding him compensation that certiorari was brought to this Court.

The decree for review was entered on October 5, 1970. It awarded appellee Workmen's Compensation for injury resulting from an accident suffered on April 10, 1967. The award was comprised of an amount of $926.00 for temporary total disability from April 10, until October 9, 1967; permanent partial disability of the body as a whole of 17% with award of $13.26 per week for 272 weeks. There was awarded a total of 299 weeks for total temporary and permanent partial disability. There was further award of $384.00 for medical expense.

Appellant has assigned numerous errors in the trial below. We will consider them in the order argued in brief.

■ Assignments 1, 2, 3, 4, 5, 6 and 8 aver an insufficiency of evidence to support the finding of the trial court that appellee was injured as the result of an accident arising out of and in the course of his employment by appellant.

We think the evidence without question, supports the finding that appellee suffered an injury arising out of his employment with appellant. The injury was real and disabling. The evidence was conclusive that appellee, over a period of time had become sensitized and violently allergic to some substance emitting allergens. That substance plainly was present on the site of his job with appellant. The evidence was more than sufficient that the offending substance was the cement used as glue on the rubber. The expert medical testimony was without dispute that direct contact with the offending substance was not necessary for a reaction to occur. This is more apt to be true after a long period of direct or close contact during which one has built up extreme sensitivity.

Though appellee had been reassigned by appellant to a job which did not bring him in direct contact with the cement, it was undisputed that he was still in the vicinity and was sufficiently close to smell the cement. The testimony was that the allergens emitted by a substance were minute microscopic particles which could be carried by air currents over a distance. The fact that the cement was sufficiently close to smell indicated the presence of allergens in the air.

There is no dispute that appellee began to experience an allergic reaction, identical with that he previously had on his old job, as soon as he began his shift. By the end of the shift the symptoms were present and he subsequently suffered asthma and ulcers of the mouth, tongue and throat as before. There is no dispute that he was totally disabled and required extensive medical treatment for a period of some 27 weeks.

Thus the question of injury and resultant effect was shown. The question remaining as to the injury is—Did the injury result from an accident arising out of and in the course of his employment as defined by the Workmen's Compensation Act?

The trial court in its decree did so find, and our review of the record convinces us that there was substantial legal evidence to support such finding.

We will be the first to admit that there are some decisions of the appellate courts of this state and other states with similar

statutes that are difficult to distinguish or reconcile on the problem of applying the definition of the word "accident" set out in Title 26, Section 262(i), Code of Alabama 1940. The problem seems to have arisen in most cases in applying the term "accident" to cause or effect. Was the injury or disease caused by a sudden, unforeseen or unusual occurrence or was the injury or disease sudden, unforeseen or unusual though arising during the normal and usual cause of employment?

Alabama appellate decisions have granted coverage under Workmen's Compensation in both types of cases. In the case of Gentry v. Swann Chemical Co., 234 Ala. 313, 174 So. 530, compensation was denied an employee for injuries sustained from working in an unventilated room filled with fumes, dust and small particles of chemical mixture which had gradually accumulated over a period of time and did not appear suddenly and violently. Denial of compensation coverage was because the injury was not due to an "accident." In the cases of Gulf States Steel Co. v. Christison, 228 Ala. 622, 154 So. 565, and Gadsden Iron Works v. Beasley, 249 Ala. 115, 30 So.2d 10, compensation was allowed for heat exhaustion which arose out of and in the course of employment. Gulf States v. Christison, supra, was decided prior to Gentry v. Swann Chemical Co., supra, but was not cited therein. In the two cases cited above there was no unexpected and unforeseen event happening suddenly and violently causing the injury. In the case of Pow v. Southern Construction Co., 235 Ala. 580, 180 So. 288, an engineer's dependents were awarded compensation for his death due to pneumonia resulting from having waded in water and getting his feet wet. Again there was no sudden and unforeseen event happening suddenly and violently producing at the time injury to the physical structure of the body by accidental means, yet the Supreme Court found the injury due to accident. Each of the above mentioned cases allowing compensation, in reality, pivoted on cause of the injury.

The court in *Gulf States* said as follows:

" * * * If the heat exhaustion arose out of the employment, as well as in its course, we think it is clear that any harmful effect upon the physical structure of the body of the employee, which was a proximate result of it, is an accident under our statute. Section 7596(i), Code; Gulf States Creosoting Co. v. Walker, 224 Ala. 104, 139 So. 261; New River Coal Co. v. Files, 215 Ala. 64, 109 So. 360; 1 Honnold on Workmen's Compensation, p. 281, § 86.

"In connection with the sort of accident here involved, the principle to which most authorities give assent is that the harmful condition does arise out of the employment, if, in the performance of the duties for which he was engaged, in the manner required or contemplated by the employer, it is necessary for the employee to expose himself to a danger, materially in excess of that to which people commonly in that locality are exposed, when not situated as he is when thus performing his service, and that such excessive exposure may be found to have been the direct cause of the injury, though operating upon other conditions of common exposure. Am. Fuel & Clay Products Co. v. Gilbert, 221 Ala. 44, 127 So. 540; Cudahy Packing Co. of Nebraska v. Parramore, 263 U.S. 418, 44 S.Ct. 153, 68 L.Ed. 366, 30 A.L.R. 532 * * *"

This language has been often quoted in other cases and we think correctly states the principle applicable in the case at hand. We think it immaterial and merely a matter of semantics as to whether the cause or the result is unforeseen and unexpected so long as the cause or origin of the injury can be proximately connected with the course of employment. There is no problem if injury arises by bombardment or fallout of visible materials such as rock or metal while in the course of employment. Why should there be more of a problem when it is shown that injury or disease results from bombardment or fallout of in-

visible or microscopic materials during the course of employment? One injury is as real as the other and equally an "accident."

We have come all this way to say that the injury suffered by appellee constituted an accident under the Alabama Workmen's Compensation Act. The evidence offered below meets the requirements of Gulf States Steel Co. v. Christison, supra. It so happens that it also meets the strict requirements of the definition of "accident" in Section 262(i) of Title 26.

There was an unexpected and unforeseen event, which happened suddenly and violently producing injury to the physical structure of the body by accidental means. It may be reasonably inferred from the evidence that the attack of the allergens in the air came suddenly and violently when appellee came on his job Sunday night, April 9, 1967. He immediately began to feel their effect and by the time the shift was finished the effect was visible on the physical structure of his body. It was unexpected and unforeseen because appellee had been removed from direct contact with the material believed to have caused prior and similar injury or disease and presumably would present no further difficulty. The nebulous criteria of time, place and circumstance are clearly established by the evidence.

Assignments of error 1, 2, 3, 4 and 7 are next argued on the thesis that the evidence does not support a finding that appellee received an injury within the meaning of the Workmen's Compensation Act. We think there is no merit in this argument. The evidence was more than substantial as to the fact of injury and a causal connection with the employment in a particular area of appellant's plant.

Assignments of error 10 and 18 are addressed to the failure of notice to appellant, as required by Title 26, Section 294 of the Alabama Code.

There is no dispute that written notice was not given. The question to be de-

cided then is—did appellant have such actual knowledge of the accident and injury of appellee as to remove the necessity of, or to substitute for the statutory requirement of written notice. The case of Ex parte Stith Coal Co., 213 Ala. 399, 104 So. 756, first established that written notice was not required if the employer had actual knowledge of the injury and circumstances out of which it arose. The court stated therein the following:

"* * * The aim of the notice is 'to advise the employer that a certain employee, by name received a specified injury in the course of his employment on or about a specified time, at or near a certain place specified. Code, § 7569.'

"That the notice must be written is for certainty; that it is to be given promptly is to enable the employer to make speedy examination, afford proper treatment, and protect himself against simulated or exaggerated claims.

"If the injury occurs under the eye of the employer, or if all the facts are brought to his knowledge within the time written notice is required, he can suffer no injury; the giving of notice becomes a matter of technical form, a trap for the helpless and unadvised * * *."

With the above words in mind, we think any reasonable definition of actual knowledge by appellant of appellee's injury is satisfied by the evidence adduced before the trial court.

We will briefly enumerate some of the information possessed by appellant. In truth, certain information surrounding the matter had come to appellant prior to the actual injury complained of. However, such prior information pertained to identical prior injury and cause therefor, though not claimed for compensation. Certainly such prior information was available for consideration in conjunction with actual notice of additional injury or disease.

The information or knowledge of appellant as of April 10, 1967, was (1) That the

company nurse had been informed that appellee after working on Sunday night had suffered ulcers and inflammation of the mouth. (2) That for some two years previously appellee had suffered similar ailments. (3) That appellee's physician had informed appellant by letter that such ailments were due to allergic reactions to some substance and that substance was probably present at his work site. (4) That the substance was believed to be the cement and that a sample was desired for test verification, (5) Such sample was refused by appellant. (6) Acting on the information from the physician and requests by appellee and his union representative, a job change had been given. (7) After working only a few days on the job still in the general vicinity of the suspected source of offending allergens, a new attack occurred, which was promptly reported (though the evidence does not explicitly state, it may be inferred that such report to the company nurse was required of employees unable to report for work). (8) Entry in medical record of appellee by appellant's nurse dated May 5, 1967, that appellee was still out with asthma and allergic ulcers in mouth from disability suffered on April 10, 1967.

Though not involving an element of notice, the fact that appellant in July of 1967, again reassigned appellee to another job located in a distant part of the plant from the suspected cement raises a reasonable inference that appellant had actual knowledge of the cause and circumstances of appellee's injury.

Thus, we have enumerated substantial legal evidence upon which the trial court could have based its finding that appellant had knowledge of the injury of appellee. We need go no further. Actual knowledge sufficient to remove the requirement of giving written notice is a question of fact in each case. Our review by certiorari does not perform the functions of an appeal. The weight or preponderance of the evidence or whether the finding of fact by the trial court is proper is not before us on review by certiorari. We must accept such finding if it is supported by any legal evidence. Nashville Bridge Co. v. Honeycutt, 246 Ala. 319, 20 So.2d 591; Gadsden Iron Works v. Beasley, supra; Gulf States Steel Co. v. Christison, supra. We find no error in the court's finding that appellant had notice of appellee's injury.

■ Assignment of error 9 charges the decree of the trial court is not in accordance with the requirements of Title 26, Section 304 of the Code, in that it does not contain a statement of the law and facts and its conclusions therefrom.

We find no necessity for setting out the decree of the court below. We do not consider appellant's charge valid. We find the decree in full compliance as to form with the requirements established in Section 304, and as further defined in the case of West Point Mfg. Co. v. Bennett, 263 Ala. 571, 83 So.2d 303.

Assignment of error 11 was disposed of by our answer to assignments 1, 2, 3, 4, 5, 6, 7 and 8.

■ Assignment 12 charges that there is no legal evidence to support the court's finding that appellee was permanently and partially disabled. The finding of the trial court in its decree is as follows:

"The court further finds that the plaintiff sustained personal injuries from his accident that were permanent to the extent of 17% of the body as a whole and that thus the plaintiff is entitled to an award against the defendant on the basis of 17% permanent partial disability of the body as a whole."

We have examined the evidence and find that the only testimony as to permanent physical disability of appellee was an opinion by his physician that due to exposure over a long period of time to allergens, appellee had become so sensitized to such allergens that any contact with them would bring on severe reaction as occurred on

April 9–10, 1967. He further stated that if employed sufficiently close to their origin as to come in contact with such allergens, appellee would be totally unable to perform such employment. However, if removed from contact with the allergens appellee would have no problem and his ability to work would not be affected. This opinion was supported by evidence that subsequent to his injury, appellee had worked in appellant's plant in another job and location for a considerable time with no further recurrence of injury.

With such evidence before it, we are unable to determine how the court found a 17% permanent injury to the body as a whole. We do not consider there is any evidence to support such finding. However, assuming for argument that such finding of permanent injury to the body as a whole is supported by evidence, such is not the measure of permanent partial disability required for an award of compensation under Title 26, Section 279(C)6 of the Code, which is the applicable statute to the injury of appellee. Section 279(C)1 applies to scheduled permanent partial injuries. Section 279(C)6 reads as follows:

"6. All other permanent partial.

In all other cases of permanent partial disability not above enumerated, the compensation shall be fifty-five percent of the difference between the average weekly earnings of the workman at the time of the injury and the average weekly earnings he is able to earn in his partially disabled condition subject to the same maximum weekly compensation as stated in section 289 of this title."

It is thus clear under the statute and decisions of our appellate courts hereinafter cited, that the criteria for determining permanent partial disability for purpose of compensation is not controlled by a finding of physical disability of the body as a whole. Compensation is awarded on the basis of permanent partial loss of ability to earn. Without such finding of fact there can be no award. We emphasize that physical disability may be inextricably involved but not necessarily or exclusively so. The requirements as to the finding of a decreased ability to earn resulting from a compensable non-scheduled injury are ably discussed in Goodyear Tire & Rubber Co. of Alabama v. Downey, 266 Ala. 344, 96 So.2d 278, and Ala. By-Products Co. v. Landgraff, 248 Ala. 253, 27 So.2d 215. We further recommend Larson's Workmen Compensation Law, Vol. 2, Section 57.

There was no evidence submitted, that we have been able to ascertain, as to any loss of ability to earn by appellee due to his injury. There was evidence that he was given another job in another area of appellant's plant and performed there without difficulty due to his injury until he retired from other causes. It was not shown what his average weekly earnings were on the subsequent job or how they reflected his ability to earn.

Since there was no evidence as to a permanent partial disability affecting the ability of appellee to earn upon which an award of compensation could be made, the decree of the trial court as to the award of compensation for permanent partial disability must be reversed. The case is remanded to the trial court for further hearing and the presentation of evidence, if there be any, as to the existence of a permanent partial disability of appellee to earn.

The remaining assignments of error have either been previously answered herein or are not likely to arise in further proceeding. We do not think it necessary to further address ourselves to them.

Reversed in part and remanded.

## ON REHEARING

■ Appellant, on application for rehearing, contends that our original opinion has abrogated the settled law of Workmen's Compensation as stated by the Supreme Court in that we held that an injury is compensable without a showing of un-

usual circumstances, aggravated conditions or increased risk proximately connected with the employment. We did not so hold. We applied the rule stated in Gulf States Steel Co. v. Christison, supra. We quoted the applicable rule, and appellant has quoted it again in its brief on rehearing. It is apparent there is a difference in understanding as to its meaning. We refer to the quotation on page 41 of our opinion. The aggravated risk or unusual condition arising out of employment is determined by a comparison of the conditions existing at the place of employment with those existing in the same general locality, but unassociated with the place and performance of the employment.

The fact that other employees so exposed did not become sensitized to allergens or suffer injury therefrom is not compelling. Does the fact that other employees, working alongside, did not succumb to heat exhaustion make *Christison's* injury less compensable in the Gulf States Steel case? We do not think so. However, such is the position taken by appellant in brief on rehearing when it said as follows:

"* * * When an employee is exposed only to the risks, circumstances and conditions to which all similarly employed workmen are exposed and yet encounters a physical ailment when no other employees have so encountered a physical ailment that particular, peculiar employee should bear the risk of his own particular and peculiar physical structure."

Following appellant's argument to its illogical conclusion, if one suffers physical ailment or injury due to conditions of employment, he must before claiming compensation show that others so employed have suffered similar ailment or injury.

Fortunately, appellant's position is not the law of Workmen's Compensation. It was clearly stated in Gadsden Iron Works

v. Beasley, supra, that "* * * compensation is not limited to those in perfect health. The test is, was the accident a proximate contributing cause acting upon the particular individual to produce death, whether directly or through disease? New River Coal Co. v. Files, 215 Ala. 64, 109 So. 360. * * * Neither contributory negligence nor assumption of risk is a defense in workmen compensation cases,—Section 254, Title 26, Code; * * *."

We attempted to point out in our original opinion the seeming inconsistencies in Workmen's Compensation cases. These have arisen because the courts have become entangled in the difficulties of applying the sudden, unforeseen, unusual circumstances and aggravated or increased risk criteria to cause or effect. We think the actual determination of recovery under the Workmen's Compensation law in any case must ultimately be based upon the factual premise as stated by Justice Simpson in the case of Reynolds Metals Co. v. Gray, 278 Ala. 309, 178 So.2d 87 as follows:

"* * * We recognize that the workmen's compensation statute as enacted in this state does not write a life insurance policy covering every employee covered under it, but we think in cases *where it is established that the job killed the worker*, the legislature intended that his widow and minor children would be compensated." (Emphasis ours.)

With these additional comments, we deny application for rehearing by both appellant and appellee and adhere to our original opinion.

Opinion extended.

Application of appellant for rehearing denied.

Application of appellee denied.