306 So.2d 18

**BEATRICE FOODS COMPANY, a corporation, and Meadow Gold Dairies, Division of Beatrice Foods Company**

v.

**James H. CLEMONS.**

**Civ. 413.**

Court of Civil Appeals of Alabama.

Jan. 8, 1975.

H. Nelson Camp and Danny D. Henderson, Huntsville, for appellants.

Butler & Potter, Huntsville, for appellee.

WRIGHT, Presiding Judge.

This is a review by statutory certiorari of a judgment granting a claim for workmen's compensation.

The primary issue presented for our consideration is whether the evidence supports the finding of the trial court that there was actual knowledge by the employer of the accident and injury sufficient to remove the requirement of written notice as provided by Title 26, Sec. 294 of the Alabama Code.

Though the statute requiring written notice to the employer of the occurrence of an accident within 90 days remains in the Code, judicial construction thereof has, to a great extent, abrogated its literal application. Divergence from the literal application of the statute began with the case Ex parte: Stith Coal Co., 213 Ala. 399, 104 So. 756 (1925). In that case it was said,

"The aim of the notice is 'to advise the employer that a certain employee, by name, received a specified injury in the course of his employment on or about a specified time, at or near a certain place specified.' . . .

"Construing our statutes as a whole, we think this result is not intended."

The rule expressed in *Stith Coal Co., Supra* has been applied according to the evidence in many cases by our appellate courts. This court reiterated the rule in B. F. Goodrich Co. v. Martin, 47 Ala.App. 244, 253 So.2d 37 (1971). We said in that case that:

"Actual knowledge sufficient to remove the requirement of giving written notice is a question of fact in each case."

We further expressed in that case as follows:

"Our review by certiorari does not perform the functions of an appeal. The weight or preponderance of the evidence . . . is not before us on review by certiorari."

■ The finding of fact by the trial court will be accepted by the reviewing court if it is supported by any legal evidence. B. F. Goodrich Co. v. Martin, *Supra*. The evidence presented by the claimant on the issue of notice was that he fell while alighting from his employer's truck on the night of November 20, 1972; that upon returning to the employer's plant a few hours later on November 21, 1972, he reported orally to his supervisor that he had fallen from the truck while at the weighing station in Huntsville and had hurt his shoulders and neck. The supervisor admitted that claimant reported the fall to him but did not recall that he had stated that he had hurt himself. The supervisor made no report of the accident to his superiors.

■ Appellant contends that because claimant failed to inform of the extent of his injury for some nine months thereafter, notice was insufficient in fact and law. We do not agree.

The testimony of claimant was that he fell from the truck, landing upon his shoulders and neck upon concrete. For several minutes he lay stunned and unable to rise. When he arose, he felt some pain in his neck and shoulders but he continued with his truck to Nashville, Tennessee, and returned to appellant's plant at about 2:00 A.M. on November 21. It was at that time he reported his fall and that his neck hurt to the night supervisor. The supervisor made no inquiry as to the extent of his injury or if he needed to see a doctor. The supervisor stated he made no written report nor was he aware that such a report was necessary.

Claimant was off from work on November 22 and 23rd, but not because of injury. He returned to work when scheduled and continued to work regularly until August 23rd of 1973. His pain increased until it became unbearable in August. He then consulted a physician who referred him to a neurosurgeon. After performance of a myelogram, it was determined he had a herniated cervical disc. Operation was performed. Claimant returned to work after ten weeks and has worked regularly since, though still suffering some pain after driving his truck for periods over rough roads. He made no further complaint of injury to his employer until after he was hospitalized and surgery was performed.

Claimant stated he continued working with pain because he had a pregnant wife and three children and needed to work. He did not realize the seriousness of his injury until he consulted the physician. He had a sixth-grade education and had driven a truck for appellant for 13 years prior to the accident.

■ From the testimony presented we consider there was legal evidence to support the finding of the trial court that appellant, through its supervisor, received actual knowledge that claimant had been in an accident while in the scope of his employment and that such accident resulted in injury. There was sufficient information brought to the knowledge of appellant to place it on notice that an accident had occurred to its employee and that a resultant injury of some degree had occurred or was likely to have occurred. Claimant imparted to his employer all the knowledge which he possessed at the time, i. e., that he had fallen a substantial height from the cab of the tractor-trailer rig, landing on concrete with his weight of 280 pounds on his shoulders and neck, and that he was in pain. Once actual knowledge of an accident and injury is imparted to an employer, the opportunity for investigation of the accident and injury and to protect against simulated and exaggerated claims is

presented. The statute does not require further notice nor continuing information be provided by the claimant without request.

 Appellant assigns error in that the court, in several instances during the trial, permitted counsel to pose leading questions to witnesses over objection. We have examined the instances enumerated and find no need to relate them here. We consider it sufficient to say that the trial court heard the evidence ore tenus and is presumed to consider only legal evidence. White Roofing Co. v. Wheeler, 39 Ala. App. 662, 106 So.2d 658. Hartford Acc. & Indem. Co. v. Kuykendall, 287 Ala. 36, 247 So.2d 356. We are impressed with the effort of the learned trial judge to insure that only legal evidence was presented. It appears that some of the instances complained of were not leading at all and others were not sufficiently so to be injurious to appellant. We fail to find prejudicial error. Rule 45, S.Ct. Rules.

 In assignment of error 17, appellant complains of the failure of the trial court to allow it credit for the sum of $1,324.00 paid at the rate of $132.40 per week to claimant during the 10 weeks he was off from work during and subsequent to his surgery. In support of the charge of error, appellant invokes the provisions of Title 26, Sec. 278, Alabama Code.

It is undisputed that the payments were made to claimant as accrued sick pay and not as advance payments of compensation. The statute sought to be invoked by appellant in essence provides that voluntary payments made to an employee claiming compensation by either the employer or the insurance carrier in advance of an award or an agreement shall be treated as advance payments of compensation. The case of March v. City of Huntsville, 45 Ala.App. 480, 232 So.2d 662 held that if payments made to an injured employee were made for the beneficent purpose of aiding him by providing advance payments of compensation, even though it had not

been determined or agreed that compensation was due, such payments should be credited to compensation later determined. In the instant case, the payments made were in fulfillment of a contractual obligation owed by appellant to claimant arising from a union contract. Such payments were in no wise paid as advance payments of workmen's compensation but were paid for accrued sick pay. There were two separate obligations involved. Under the evidence the trial court did not err in denying credit for such payments.

We have carefully considered arguments presented in brief as to other assignments of error. We find them without sufficient merit to require discussion here. No prejudicial error having been presented, the decree of the trial court is affirmed.

Affirmed.

BRADLEY and HOLMES, JJ., concur.