WRIGHT, Presiding Judge.
This is a workmen’s compensation case. Claimant appeals. The issue is whether the trial court erred in its holding that though the claimant suffered an accident causing permanent partial disability while working as a ladle crane operator for defendant, there was no evidence that there was a resultant loss of ability to earn. We reverse and remand.
The following is a statement of undisputed pertinent facts: Claimant had been employed by defendant for sixteen years, the last fourteen years as a crane operator. Claimant was classified as a charging crane operator, which was known as a step 12 job. Those classified as ladle crane operators were at step 13. Claimant had top seniority in step 12 and for approximately eighteen months prior to the accident he had worked as a ladle crane operator while those operators classified at step 13 were sick or on vacation. Step 13 carried a higher hourly rate of pay then step 12. The hourly difference had varied over the last year or so from 29 cents to 15 cents. Though claimant was not classified at step 13, because of his seniority he had first opportunity to work that job when those so classified were off for some reason. When an opening occurred at some future time, he was first in line to be permanently classified in step 13. The ladle crane was in a different area of the large furnace building than the charging crane. In January 1974, while operating the ladle crane and being paid the step 13 hourly rate, claimant experienced a coughing attack and difficulty in breathing. This condition reoccurred and worsened on each occasion he attempted to operate the ladle crane thereafter.
It was the testimony of the medical experts that claimant had become allergic to some substance prevalent at the site of the ladle crane; that he could not operate that crane without the disabling allergenic reaction. However, he could operate the charging crane with no difficulty. Claimant continues to regularly operate that crane.
The trial court made the following statement and ruling in its judgment in favor of defendant:
“Under the clear rationale of the B. F. Goodrich Company versus Lawless Martin, 47 Ala.App. 244, 253 So.2d 37, I find there is no evidence that the plaintiff has sustained any loss of ability to earn due to his allergenic reaction to whatever substance he is allergic to. I do not think the test of not being able to work on a job which pays approximately 15 cents an hour more is compensable without a finding of a loss of ability to earn. I think that it is relevant that the plaintiff is able to work in the part of the plant where he has worked for so many years as opposed to having to remove himself *156 from the part of the plant that he has worked for so many years.”
We do not understand the reference of the court to the clear rationale of B. F. Goodrich Co. v. Martin. We perceive nothing in the decision in that case to support the finding that there is no evidence in this case that the claimant has sustained a loss of ability to earn. To the contrary, it is our opinion that the evidence establishes without conflict that claimant has sustained a loss of ability to earn under the provisions of Section 25-5-57(a)(3)(g), Code of Alabama (1975). The court’s own statement that claimant was unable to continue work on a job which paid 15 cents per hour more than the job to which he returned is contrary to its conclusion. The court might have further said that claimant’s injury necessitated return to a job from which he could not progress for the remainder of his work life, even though he possessed all qualifications and rights of seniority to do so. B. F. Goodrich Co. v. Martin, 47 Ala. App. 244, 253 So.2d 37 (1971) stands squarely for the principle that if one suffers an injury on his job resulting in an unscheduled permanent partial disability and there is evidence that such disability lessens his ability to earn, he is due to be compensated in relation to the difference between what he earned prior to the injury and what he is able to earn in his partially disabled condition. The prohibition against recovery by the claimant in Goodrich was due to an incorrect finding by the trial court and an absence of evidence that he had suffered any loss of ability to earn by moving to another job subsequent to injury. We believe it clear that such evidence is not lacking in this case and the trial judge so stated in his own judgment.
Claimant had, because of his seniority, been working regularly for some eighteen months at a step 13 job and being paid accordingly. Though he had not been permanently classified at step 13, there was no dispute but that he would have continued to work that job and have been permanently so classified as soon as a vacancy occurred had the allergy not developed. Step 13 was his normal promotional progression. There is no dispute but that because of the disabling allergens present in the environment of the ladle crane to which claimant had succumbed, he would never be able to work that job again. His rights of seniority and expectation of further progression as a crane operator were nullified and he was relegated permanently to a job with less hourly pay, less incentive pay and less benefits at retirement.
Therefore, there was unconflicting evidence that claimant had suffered a permanent partial disability which resulted in lower average weekly earnings. For such disability he is due to be compensated under the law. Alabama By-Products Co. v. Landgraff, 248 Ala. 253, 27 So.2d 215 (1946).
The judgment of the court that claimant suffered no loss of ability to earn is reversed and the case is remanded for determination of the amount of compensation due claimant under Section 25-5-57(a)(3)(g).
REVERSED AND REMANDED WITH DIRECTION.
BRADLEY and HOLMES, JJ., concur.