This is a workmen's compensation case.
On March 3, 1980, Dock Campbell brought an action against Ragland Brick Company to recover benefits under Alabama's Workmen's Compensation Act. After an ore tenus hearing, the trial court concluded that the employee had suffered a compensable injury and awarded benefits accordingly. Ragland Brick Company appeals and we affirm.
The record reveals the following: Employee in this action is fifty-nine years old and is illiterate, having failed to complete the third grade. He has been employed primarily as a manual laborer at Ragland Brick Company since 1952 and has had practically no training for any other type of work.
On March 14, 1979, the employee was at his place of employment working in the unloading department as an unloader. His duties required him to take bricks off of a car and place them in a "bander." While so engaged he stepped on a block which tilted or crumbled, causing him to lose his footing and fall. Employee testified that the fall resulted in injury to his right knee and his back.
The employee promptly reported the accident to his supervisor who instructed him to see a doctor. Within a few days employee visited Dr. Jariwala. Through deposition, Dr. Jariwala testified that employee's only complaint was that he fell at work and hurt his right leg. After an examination, Dr. Jariwala diagnosed employee as having a right knee bursal sprain. Dr. Jariwala gave employee some medication for his injury, but apparently did not suggest that he take any time off from work.
Employee continued to work until August 10, 1979, although he did switch to a less strenuous job. During this time, however, his back problem grew progressively worse. After consulting various doctors, he was finally diagnosed as having a herniated disc. This condition was surgically treated and the employee was able to return to work on November 13, 1979, after being off the job approximately thirteen weeks.
Employee's surgeon placed no restrictions upon the type of work employee could perform when he returned to work. The surgeon did testify, however, that, as a result of the surgery, employee had a permanent, partial impairment of approximately 15%. A rehabilitation specialist also examined employee and concluded that, considering employee's age, he was 100% impaired from heavy lifting. Employee has, however, been able to satisfactorily perform his duties since returning to work although he now works in the top house which requires less exertion than his previous job in the unloading department.
A hearing regarding employee's claim was held June 5, 1981. After considering the evidence before it, the trial court concluded that employee had suffered an injury *Page 445 
which arose out of and in the course of his employment. The trial court further found that employee promptly reported the injury to his employer and that employer had actual notice of the injury within the statutory period. As a result of his injury, the trial court held that employee suffered a temporary, total disability for a period of eight weeks and that employee has a permanent, partial loss of ability to earn in the amount of 50%. The court's finding of permanent, partial disability was based upon the medical testimony concerning impairment and employee's years of service and lack of education.
On appeal, the employer, through able counsel, contends that the trial court erred in three instances. Initially, employer contends that it did not receive notice as required by the statute. Employer next contends that the evidence does not support the trial court's finding that the accident caused the injury which resulted in the disability. Finally, employer contends that the evidence does not support the trial court's finding regarding the disability of employee. For the reasons stated below, this court is of the opinion that all of employer's contentions are without merit.
Though section 25-5-78, Code of Alabama 1975, requires that the employer be notified in writing within ninety days after the occurrence of an accident, judicial construction has, to a great extent, abrogated the statute's literal application. Instead, numerous decisions have held that where the employer has actual knowledge of the accident, this is sufficient to satisfy the notice of requirement. E.g., Ex parte Stith CoalCo., 213 Ala. 399, 104 So. 756 (1925); B.F. Goodrich Co. v.Martin, 47 Ala. App. 244, 253 So.2d 37, cert. denied, 287 Ala. 726, 253 So.2d 45 (1971); Tripple M. Homes, Inc. v. Pickens,46 Ala. App. 643, 248 So.2d 139 (1971). Oral notice is sufficient to give the employer actual knowledge of an accident. AmericanTennis Courts, Inc. v. Hinton, 378 So.2d 235 (Ala.Civ.App.),cert. denied, 378 So.2d 239 (Ala. 1979); Beatrice Foods Co. v.Clemons, 54 Ala. App. 150, 306 So.2d 18 (1975).
In the case before us, it is undisputed that employee orally informed his supervisor that he had fallen and that he suffered an injury. Employer contends, however, that it was only informed of employee's knee injury and was not informed of employee's back injury until some five months later. In support of employer's position the supervisor testified that employee informed him of a knee injury but did not inform him of a back injury. Employer also introduced insurance forms in which employee indicated that his back pain was not employment related. Employee testified, however, that he did inform his supervisor that his back hurt.
The foregoing discussion indicates that there was some evidence before the trial court that employee, within the time provided by statute, specifically informed his employer that he had suffered some type of back injury. Based upon this evidence the trial court concluded that employer had actual knowledge of the accident that was sufficient to comply with section 25-5-78
and subsequent judicial interpretations thereof.
In workmen's compensation cases, if there is any legal evidence to support the trial court's finding of fact, such finding is conclusive and will not be disturbed on appeal. Foyv. Vann, 386 So.2d 1141 (Ala.Civ.App. 1979), cert. quashed asimprovidently granted, 386 So.2d 1144 (Ala. 1980); Barfield v.General Steel Tank Co., 370 So.2d 1005 (Ala.Civ.App.), cert.denied, 370 So.2d 1008 (1979). In light of the above standard of review, this court cannot say the trial court erred since there is legal evidence to support the trial court's finding regarding notice.
We would also note this court's opinion in Beatrice Food Co.v. Clemons, supra, wherein we indicated that once the employer has actual knowledge of an accident and injury, the statute does not require that the claimant provide further notice or continuing information except upon request. In light ofBeatrice Foods, we are not convinced that it was absolutely necessary that the employer be informed of the back injury as *Page 446 
long as there was a reasonable medical connection between the injury the employer was specifically informed of and the resulting injury. In this case, the medical testimony indicated that the circumstances surrounding employee's knee injury were not incompatible with his subsequent back problems. Thus, here there was a reasonable medical connection between the knee injury and the back problem.
In order for an injury to be compensable under the Workmen's Compensation Act, it must be the result of an accident that arises out of and in the course of employment. Tiger Motor Co.v. Winslett, 278 Ala. 108, 176 So.2d 39 (1965); Queen CityFurniture Co. v. Hinds, 274 Ala. 584, 150 So.2d 756 (1963). It is undisputed that this accident occurred in the course of employment. The primary controversy concerns whether the accident and injury arose out of the employment.
The requirement that the accident arise out of the employment is essentially one of causation. Wooten v. Roden, 260 Ala. 606,71 So.2d 802 (1954). Causation has two distinct components: legal causation and medical causation. City of Tuscaloosa v.Howard, 55 Ala. App. 701, 318 So.2d 729 (1975); 1B A. Larson,The Law of Workmen's Compensation § 38.83 (1980). The legal test of causation has been described as follows:
 If in the performance of the duties for which he is employed an employee is exposed to a danger or risk materially in excess of that to which people not so employed are exposed, and an injury occurs, such injury may legally be determined to have arisen from his employment and be an accident under the statute. . . .
55 Ala. App. at 705, 318 So.2d at 732. Since there is no real dispute over the test of legal causation, suffice it to say that the evidence is sufficient to establish that the accident arose out of the employment.
Once legal causation has been established, medical causation must be established through medical testimony. Stated differently, once the law has determined that an accident arose out of the employment, doctors must determine whether the accident caused the injury for which recovery is sought. It is employer's contention that the accident did not cause employee's back injury. This is simply a contention that medical causation was not established in this case.
If there is any evidence supporting the trial court's finding that the accident caused the back injury, this court must accept that finding. A brief review of the testimony regarding medical causation reveals the following: Employee testified that at the time of the accident there was some pain in his back though the initial pain was primarily in his knee. Both employee's surgeon and rehabilitation specialist stated that a back injury such as employee's was compatible with the type of accident he had. Additionally, the rehabilitation specialist also testified that the symptoms of a herniated disc may develop slowly over a period of time. The foregoing evidence supports the trial court's decision. Consequently, this court cannot say the trial court erred.
Employer finally contends that there is no evidence that employee suffered any disability in his ability to earn because employee returned to the same job he had prior to the operation and has worked regularly and satisfactorily.
While there is evidence that the employee has in fact returned to work, there is also evidence that he can no longer perform duties which require strenuous physical labor without assistance from other employees.
Professor Larson, in his treatise on workmen's compensation, stated that "[i]t is uniformly held . . . that a finding of disability may stand even when there is evidence of some actual post-injury earnings equaling or exceeding those received before the accident." 2 A. Larson, The Law of Workmen'sCompensation § 57.21, at 10-79 (1981). This language was quoted with approval by our supreme court in Goodyear Tire RubberCo. v. Downey, 266 Ala. 344, *Page 447 96 So.2d 278 (1957). The court in Goodyear, further stated that "[t]he statute does not prescribe comparative wages received before and after the injury as the test of the employee's ability to earn. Instead, the test is the difference between the average weekly earnings at the time of the injury and the average weekly earnings the employee `is able to earn in his partially disabled condition'. . . ." 266 Ala. at 347,96 So.2d at 280-81.
Employee has been a manual laborer practically all of his adult life. He cannot perform certain pertinent tasks without assistance. He has had no training for any other occupation and at his age and education level, any further training is doubtful. A consideration of the wage that would have been paid in the open labor market to this employee under these facts as a manual laborer at age fifty-nine, with a second grade education, and after having undergone disc surgery, led the trial judge to a finding of 50% permanent, partial disability. This finding is supported by the evidence and will not be disturbed on appeal.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.