This is a workmen's compensation case.
James Marshall Murray, an employee of International Paper Company, underwent back surgery on May 15, 1981. On January 6, 1982, he was discharged by International. He brought suit in the Circuit Court of Mobile County on January 26, 1982, seeking workmen's compensation benefits. He alleged that the injury necessitating surgery occurred on April 15, 1981, while he was working within the line and scope of his employment with International. After an ore tenus hearing, the trial court entered a judgment in favor of Murray. International filed a motion to vacate, or in the alternative, to reconsider. The motion was granted in part, and an amended judgment was rendered. The amended judgment found that Murray's average weekly wage prior to his injury was $340.80, and that his average weekly wage afterward is projected to be $240.00. Therefore, the court concluded, he had suffered a $100.80 decrease in average weekly *Page 1229 
wage. The court awarded Murray $2,590.00, representing temporary total disability compensation due him for a period of 17.5 weeks, from April 15, 1981 through August 17, 1981. In addition, Murray was awarded $67.13 per week for a period of 282.5 weeks as permanent partial disability compensation. International appeals here, asserting that the trial court erred by (1) improperly calculating the employee's average weekly wage, (2) improperly determining that the employee suffered a loss of wage-earning capacity, and by (3) determining that the employer received adequate notice as required by law. We need to decide only the issue of notice.
Section 25-5-78 of the Code of Alabama 1975 provides that:
 "Every injured employee or his representative shall, within five days after the occurrence of an accident, give or cause to be given to the employer written notice of the accident, and the employee, if he fails to give such notice, shall not be entitled to physician's or medical fees nor any compensation which may have accrued under the terms of this article and article 2 of this chapter, unless it can be shown that the party required to give such notice had been prevented from doing so by reason of physical or mental incapacity, other than minority, fraud or deceit, or equal good reason, but no compensation shall be payable unless such written notice is given within 90 days after the occurrence of the accident or, where death results, within 90 days after the death."
The aim of written notice is to advise the employer that a certain employee, by name, received a specified injury in the course of his employment on or about a specified time, at or near a certain specified place, so that the employer may verify the injury by its own investigation. B.F. Goodrich Co. v.Martin, 47 Ala. App. 244, 253 So.2d 37, cert. denied, 287 Ala. 726, 253 So.2d 46 (1971). Written notice is not required, however, where it is shown that the employer had actual notice of the injury. Stinson v. Liberty Mutual Insurance Co.,395 So.2d 1032 (Ala.Civ.App. 1981). We have frequently held that oral notice is sufficient to give the employer actual notice.Ragland Brick Co. v. Campbell, 409 So.2d 443 (Ala.Civ.App. 1982); American Tennis Courts, Inc. v. Hinton, 378 So.2d 235
(Ala.Civ.App.), cert. denied, 378 So.2d 239 (Ala. 1979);Speigner v. McGhee, 55 Ala. App. 384, 316 So.2d 215 (1975);Beatrice Foods Company v. Clemons, 54 Ala. App. 150,306 So.2d 18 (1975). Nevertheless, oral notification must be given within the time periods provided by § 25-5-78 and must sufficiently inform the employer that an accident had occurred to its employee and that a resultant injury of some degree occurred or was likely to occur. Beatrice Foods Co., supra. The employer must also be notified that the employee was injured while in the scope of his employment. Beatrice Foods Co., supra at 153,306 So.2d 18. Like written notice, oral notice imparts to the employer the opportunity to investigate and protect itself against simulated and exaggerated claims. Beatrice Foods Co.,supra.
It is undisputed that Murray gave International no written notice of the injury until July 16, 1981, ninety-two days after the injury. Therefore, it must be determined whether adequate oral notice was given. This is normally a question of fact,B.F. Goodrich, supra, 47 Ala. App. at 250, 253 So.2d 37, to be determined by the trial court. Stinson v. Liberty MutualInsurance Co., supra. Because our review by certiorari does not perform the function of an appeal, the weight and preponderance of the evidence is not before us on review by certiorari. As a result, we must accept the trial court's findings of fact if supported by any legal evidence. B.F. Goodrich, supra.
We believe there is sufficient legal evidence to support a finding that actual notice was given the employer within the ninety-day time period required by § 25-5-78. However, a review of the record reveals no evidence indicating that sufficient notice was given within five days of the employee's injury as §25-5-78 requires. It is undisputed that the employee called *Page 1230 
the employer on April 17, 1981, two days following his injury, to report that, due to a death in his family, he would need some time off. By his own admission, however, he mentioned nothing about his injury even though, according to his testimony, he was in "great pain" and "knew something was bad wrong." It is also undisputed that he again contacted the employer by phone on April 20, 1981, exactly five days following the accident. During this conversation, he again stated that he would be off because of the death in his family. In addition, he informed the employer that he was "sick and was going to the doctor." By his admission he made no specific mention of his back injury nor of the fact that he believed the injury to be job-related. He testified that he didn't realize his problem was job-related until he had surgery. None of his doctors' case histories indicated a job-related injury.[1]
Neither in fact nor in law is there evidence of the required statutory notice of injury. Without notice, there can be no recovery of compensation benefits. § 25-5-78, Code of Alabama 1975. The judgment must be reversed for failure of support in the evidence. All other issues are pretermitted. We reverse and remand for entry of judgment in favor of defendant, International Paper Co.
REVERSED AND REMANDED WITH DIRECTION.
BRADLEY and HOLMES, JJ., concur.
[1] We will not address Murray's contention that International, through a phone conversation with some unknown employee, was informed of the work-related nature of the injury on April 22, 1981. Such notice, even if given, came seven days after the accident, two days too late to satisfy the notice requirement of § 25-5-78.