WRIGHT, Presiding Judge.
This is a workmen’s compensation case.
Claimant Ludgood was injured in 1980 while employed as a firefighter by the City of Mobile. He also worked part time for Sears, Roebuck and Company as a deliveryman. It was stipulated that he suffered a back injury in the course of employment with the City of Mobile. The only issue actually tried before the trial judge was the extent of and duration of his injury. After hearing the evidence and observing the claimant, the court found him to have suffered an eighty percent permanent partial loss of ability to earn. City of Mobile appealed, contending that the finding is not supported by the evidence.
FACTS
The claimant was medically treated by a qualified orthopedic surgeon. He underwent a laminectomy of the disc at the fourth and fifth vertebrae. As a result of his injury, claimant was determined to have a twenty percent disability of the body as a whole and unable to continue working as a firefighter or as a deliveryman for Sears. He was determined unable to perform any comparable manual labor. He was found unqualified by training or experience to perform any other work without retraining.
He was awarded retirement as a firefighter.
The trial court found that,
“[Bjased on the opinion of Dr. King, the testimony of the plaintiff, including his education, age, training and experience, and the record as a whole, that the plaintiff has sustained a permanent partial disability to the body as a whole of eighty percent (80%) and ..'. that said permanent partial disability affects the plaintiffs ability to earn and that the plaintiff has sustained an eighty percent (80%) permanent partial loss of his ability to earn.”
We find that determination not unsupported by the evidence. Such is the extent of our power of review. McCarty v. Campbell Plumbing Co., 45 Ala.App. 617, 234 So.2d 895 (1970).
The criteria for determining permanent partial disability for the purpose of compensation are not controlled by a finding of physical disability of the body as a whole. B.F. Goodrich Co. v. Martin, 47 Ala.App. 244, 253 So.2d 37, cert. denied, 47 Ala.App. 244, 253 So.2d 45, 46 (1971). The trial court is not bound by expert medical testimony as to physical disability in determining loss of ability to earn. In fact, expert medical testimony, though desirable, is not required in order for the court to make a finding of disability. Stewart v. Busby, 51 Ala.App. 242, 284 So.2d 269 (1973). Such determination rests in the best judgment of the court after considering all the evidence. Dees v. Daleville Florist, 408 So.2d 155 (Ala.Civ.App.1981). The weight of that evidence is not before this court on review. Den-Tal-Ez Manufacturing Co. v. Gosa, 388 So.2d 1006 (Ala.Civ.App.1980).
With these authorities before us, we must affirm the judgment below.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.