490 So.2d 1230 (1984)
Ex parte James Marshall MURRAY.
Re INTERNATIONAL PAPER COMPANY
v.
James Marshall MURRAY.
83-619.
Supreme Court of Alabama.
September 21, 1984.
*1231 Herndon Inge III of Inge, McMillan & Inge, Mobile, for petitioner.
Champ Lyons, Jr. and John N. Leach, Jr., of Coale, Helmsing, Lyons & Sims, Mobile, for respondent.
JONES, Justice.
We granted Petitioner's request to review the Court of Civil Appeals' denial of workmen's compensation benefits for failure to comply with the 5-day notice provision of Code 1975, § 25-5-78. The suit was filed by James Marshall Murray against his employer, International Paper Company, to recover compensation for personal injury allegedly caused by an accident arising out of and in the course of his employment.
Defendant's answer denied that Marshall sustained an injury in the course of his employment and raised, as an affirmative defense, that Murray "failed to comply with the notice provisions of the Workmen's Compensation Act."
Section 25-5-78 provides:
"Every injured employee or his representative shall, within five days after the occurrence of an accident, give or cause to be given to the employer written notice of the accident, and the employee, if he fails to give such notice, shall not be entitled to physician's or medical fees nor any compensation which may have accrued under the terms of this article and article 2 of this chapter, unless it can be shown that the party required to give such notice had been prevented from doing so by reason of physical or mental incapacity, other than minority, fraud or deceit, or equal good reason, but no compensation shall be payable unless such written notice is given within 90 days after the occurrence of the accident or, where death results, within 90 days after the death."
The trial court, finding in favor of the employee, held that he was "injured by an accident, of which the Defendant received notice as required by law." The Court of Civil Appeals, 490 So.2d 1228, reversing the decision of the trial court, concluded:
"We believe there is sufficient legal evidence to support a finding that actual notice was given the employer within the ninety-day time period required by § 25-5-78. However, a review of the record reveals no evidence indicating that sufficient notice was given within five days of the employee's injury as § 25-5-78 requires."
The ultimate question, then, is: Under what circumstances, if any, may notice of an employee's injury be given to his employer *1232 after the 5-day limitation, but within the 90-day limitation, in order to recover workmen's compensation benefits?
In support of its conclusion with respect to the sufficiency vel non of the 5-day notice, the Court of Civil Appeals reviewed the evidence, the strongest tendencies of which favorable to the employee indicate that no notice of the injury was given to the employer within the 5-day statutory requisite. What is unaddressed (and what is made the basis of Petitioner's request for review) is the "saving clause" relating to the 5-day notice period that reads: "unless it can be shown that [the employee] had been prevented from [giving notice] by reason of physical or mental incapacity ... or equal good reason...."
In view of the saving clause, and because the trial judge found in Petitioner's favor on the notice issue, the inquiry on appeal must not end with the finding that notice was not given within 5 days of the injury. If the Court of Civil Appeals finds no evidence to support compliance with the 5-day requirement (a finding with which we concur), it must further address the issue of whether the evidence was sufficient to show "good reason" for delaying notification beyond 5 days of the accident, and thereby to bring the case within the saving clause of § 25-5-78.
In deference to the initial prerogative of the Court of Civil Appeals in addressing these factual issues, we deem it inappropriate for this Court to review and evaluate the evidence of record pointed out by Petitioner as tending to support the trial court's findings of fact. Thus, we remand this cause to the Court of Civil Appeals for further findings on the issue of notice.
We observe that the Court of Civil Appeals' treatment of the applicable standard of review and of the law on the issue of notice is generally correct. While the standard of review is well settled, the case law development on the notice issue is, at best, confusing. We believe this is a proper case in which to analyze the statutory concepts of notice and to define the perimeters of the time limitation requirements of notice to the employer of the employee's injury.
Section 25-5-78 specifies two time periods with respect to notice. Cases interpreting these notice provisions of the Act have treated the time provisions in a variety of ways. Several cases have treated the 90-day limitation as absolute, while failing to even mention the 5-day provision. For example, in Ex parte Stith Coal Co., 213 Ala. 399, 104 So. 756 (1925), this Court stated that the controlling question was whether employer's knowledge of the fact of injury within 90 days after its occurrence dispensed with the necessity for the written notice required by law. The Court's answer was in the affirmative. The opinion makes no mention of the 5-day provision. See, also, Ragland Brick Co. v. Campbell, 409 So.2d 443 (Ala.Civ.App.1982).
We find no case that definitively differentiates between the two time provisions or that delineates the operative effect of the two separate requirements. It is clear that a rule of absolutism cannot be applied to both the 5-day and the 90-day requirements. If this were true, failure to comply with the 5-day limitation, in all events, would bar an employee's right to workmen's compensation benefits. It is equally clear that actual notice within 5 days necessarily constitutes compliance with the 90-day requirement.
Unquestionably, the saving clause is applicable only to the 5-day limitation period. Furthermore, the language that includes the word "accrued" in connection with the imposition of forfeiture of benefits appears only with respect to the 5-day provision. The saving clause is a means by which an employee may avoid the sanction of forfeiture. That forfeiture can be effective only where no "good reason" can be shown for failure to notify the employer within 5 days of the injury. Textile Products Corp. v. Grantham, 263 Ala. 179, 82 So.2d 204 (1955). In that event, if the employer received actual notice within 90 days of the injury, the employee would forfeit only those payments accrued up to the time of notification. We believe this is *1233 the only interpretation that gives a reasonable field of operation to both the 5 and the 90-day provisions, particularly in view of the phrase "[benefits] which may have accrued."
In the instant case, if the Court of Civil Appeals should find evidence of "good reason" for failure of the employee to notify his employer within 5 days of his injury, and actual notice to the employer within the requisite 90 days, it should affirm the decision of the trial court on the issue of notice. If, on the other hand, it finds the evidence insufficient to support a "good reason" for noncompliance with the 5-day provision, then the court should determine the point at which the employer received actual notice during the 90-day period after the injury, impose the sanction of nonpayment up to that time, and, with respect to the notice issue, affirm the trial court's finding except as to the time the forfeiture is in effect.
If the Court of Civil Appeals finds that the employee's claim is not totally barred by the notice requirements of the Act, then it should address those issues presented, but pretermitted, on its initial review.
REMANDED WITH INSTRUCTIONS.
TORBERT, C.J., and FAULKNER, ALMON, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur.
MADDOX, J., concurs specially.
MADDOX, Justice (concurring specially).
Initially, I was almost persuaded to file a dissent in this case because I thought the petitioner had not followed the proper procedural steps to present to us the issue he wanted us to address.
In the opinion of the Court of Civil Appeals, the following statement is made:
"Neither in fact nor in law is there evidence of the required statutory notice of injury." (Emphasis added.)
In another portion of the opinion the Court opined:
"We believe there is sufficient legal evidence to support a finding that actual notice was given the employer within the ninety-day time period required by § 25-5-78."
In his petition here, the petitioner alleges:
"The basis of this petition for the writ is that the decision of the Court of Civil Appeals is in conflict with Section 25-5-78, 1975 Code of Alabama, which states that delay in giving notice to the employer of an employment injury within five (5) days after the occurrence is excused if it `can be shown that the party required to give such notice has been prevented from doing so by reason of physical or mental incapacity, ... or equal good reason.'
"In its present decision, the Court of Civil Appeals disregarded the `saving clause' of said notice statute by failing to address such `physical or mental incapacity,... or equal good reason' by stating through Footnote 1. that the notice given by the late employee through a phone conversation was `two days too late', disregarding the legal evidence proving such incapacity and good reason." (Emphasis added.)
The petitioner requests that we "reverse the judgment ... and render [an] opinion that the employee's two-day delay in notifying the employer of his employment injury is excused by reason of physical or mental incapacity ... or equal good reason within the `saving clause' of § 25-5-8, 1975 Code of Alabama...." Because I cannot tell from the opinion whether the Court of Civil Appeals considered the "saving clause" in reviewing the record, I agree that the cause should be remanded. By concurring specially, I realize that I am bending to some degree the settled rule that we will not look behind the facts as stated in the opinion of the Court of Civil Appeals, but in view of the fact that the parties disagree substantially as to just what the Court of Civil Appeals held regarding the "saving clause," I agree to remand the cause.