ROBERT P. BRADLEY, Retired Appellate Judge.
This is a workmen’s compensation case.
Claimant, Dwight Bonner, filed suit against his former employer, Union Camp, to recover workmen’s compensation benefits. Bonner claimed disability from an alleged work-related accident. After ore tenus proceedings the trial court denied Bonner’s claim.
At all times relevant to this case, Bonner was employed by Union Camp and, predominately, Bonner’s work activity involved the operation of heavy machinery, such as a bulldozer or land-clearing tractor.
Bonner has asserted eight issues for our consideration, but we shall consider only the three issues raised that substantially comply with Rule 28, Alabama Rules of Appellate Procedure. See, Lambert v. Pinckard Agency, Inc., 516 So.2d 697 (Ala.Civ.App.1987).
Review of a workmen’s compensation case is by certiorari and, therefore, is limited to a determination of whether there is any legal evidence to support the findings and judgment of the trial court. Wilson v. American Cast Iron Pipe Co., 528 So.2d 338 (Ala.Civ.App.1988).
The first issue is whether Union Camp was notified of a work-related “accident” in accordance with § 25-5-78, Code 1975.
At the hearing it was uncontested that Bonner did not provide any written notice of a work-related accident to Union Camp. However, written notice is not required if the employer receives actual notice of an injury. See, Stinson v. Liberty Mutual Insurance Co., 395 So.2d 1032 (Ala.Civ.App.1981). Oral notification of an injury is sufficient to give an employer actual notice. Ragland Brick Co. v. Campbell, 409 So.2d 443 (Ala.Civ.App.1982). Therefore, the issue here, as it was in the trial court, is whether the employer had actual notice of claimant’s alleged injury-
The record reveals that Bonner’s statements regarding the date of the alleged accident were inconsistent, ranging from April 1, 1986 to “early summer 1986.” Bonner testified that he informed his foreman, Sam Baker, that he had hurt his back and that it was getting worse. Sam Baker testified that Bonner never informed him of any accident, but that Bonner complained of back pain associated with operating the tractor. Arthur W. Arnold, forestry supervisor of Bonner, testified that in August 1986 Bonner complained that his back was hurting and that the pain was caused by the daily pounding and jarring associated with operating a tractor. Ar *185 nold specifically denied that Bonner had ever notified him of any accident.
The resolution of this factual conflict in the evidence is a matter addressed to the sound discretion of the trial court. Due to the limited review mandated by certiorari, the weight and preponderance of the evidence are not before us. B.F. Goodrich Co. v. Martin, 47 Ala.App. 244, 253 So.2d 37 (Ala.Civ.App.), cert. denied, 287 Ala. 726, 253 So.2d 46 (1971). Consequently, we are concerned only with whether the record contains any legal evidence to support the finding of the trial court.
A careful review of the record reveals evidence supportive of the trial court’s decision that Bonner failed to prove Union Camp received actual notice of any work-related accident.
The second issue is whether the trial court committed reversible error by finding that Bonner failed to prove the existence of a work-related accident.
Section 25-5-1(8), Code 1975, defines an accident as “an unexpected or unforeseen event, happening suddenly and violently, with or without human fault, and producing at the time injury ... by accidental means.” See, Buchanan Lumber Co. v. Edwards, 531 So.2d 1 (Ala.Civ.App.1988).
The trial court found, in pertinent part, as follows:
“Most of [Bonner’s] testimony suggests that his back pain was caused by [the] continual, daily, bumping of [tree] stumps with a bulldozer. [Bonner] did relate one incident where he said that he hit a [tree] stump and it ‘almost knocked his kidney out.’ Other than this one statement, [Bonner’s] testimony suggests [his] injury [is] due to continuous working clearing land. The bulk of the testimony is that Mr/ Bonner’s back problem is degenerative and not caused by a sudden event.”
We have carefully reviewed the record and conclude that the trial court’s finding that Bonner did not have a work-related accident is amply supported by the evidence.
The third issue is whether there is any evidence to support the trial court’s finding that Bonner failed to establish that he suffered any permanent and total disability. We pretermit discussion of this issue, as Bonner failed to prove that he gave notice to Union Camp of any alleged accident and failed to establish the existence of any work-related accident. Therefore, any disability would not be work-related; hence consideration of the issue would be irrelevant.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of section 12 — 18—10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.