RUSSELL, Judge.
This is a workmen’s compensation case.
Sybile Bradley (employee) filed a complaint against Springhill Manor (employer) under the Alabama Workmen’s Compensation Act, alleging that she suffered an on-the-job injury. The employee sought temporary total disability payments and permanent partial disability payments, along with medical expenses related to the injury, which allegedly resulted from an accident that occurred while she worked for the employer as a nurse. After an ore tenus proceeding the trial court entered an order dated August 29, 1990, denying the employee’s claim. The employee appeals. We affirm.
The dispositive issue on appeal is whether there was any legal evidence to support the trial court’s finding that the employee was not injured as a result of a work-related accident.
At the outset we note that the standard of appellate review in workmen’s compensation cases is a two-step process. Initially, this court will look to see if there is any legal evidence to support the trial court’s findings. If such evidence is found, this court will then determine whether any reasonable view of that evidence supports the trial court’s judgment. Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991). With this limited scope of review in mind, we will consider the issue raised on appeal.
The record contains several factual disputes and inconsistent claims. The employee alleges that she injured her neck on February 23,1990, when she jerked on a medicine cart weighing between 75 and 100 pounds, while performing her duties as a nurse for the employer. At trial she asserted that she was pulling the cart when she twisted her neck and felt a “pinch pain.” After she left work on the day in question, she drove to her sister’s home with a headache that had begun at the time of the alleged incident and had continued to grow in severity. When the headache persisted the following day and the employee experienced severe nausea, she sought medical attention at a hospital in Jackson, Alabama, where she was treated for several days.
The employee contends that she asked her daughter to contact Gerald Hart, supervisor and owner of Springhill Manor, to inform him that she had been hospitalized as a result of an on-the-job injury. However, Hart testified that he was contacted by the employee's daughter on February 25 and informed that the employee was in the hospital after having eaten something that made her sick. Hart also testified that he was told at this time only that the employee had been hospitalized with nausea and had hurt her neck as a result of violent vomiting. The employee maintains that the vomiting was not the cause of her neck injury and that it followed the alleged work-related accident.
The record reveals that in 1985 the employee had ruptured her cervical disc in a work-related accident and that this injury resulted in surgery being performed in 1986. At trial the employee averred that she injured her neck suddenly on February 23, 1990, and that this injury caused a new sensation of pain. The employee did not present any medical testimony to substantiate her claims. The only medical record *1357 introduced at trial was a “discharge summary” (which was actually introduced into evidence by the employer) prepared by Dr. A. Garrett Miller, a physician and friend of the employee, who treated her after she entered the hospital.
Section 25-5-1(8), Ala.Code 1975, defines an accident as “an unexpected or unforeseen event, happening suddenly and violently, with or without human fault, and producing at the time injury to the physical structure of the body or damage to an artificial member of the body by accidental means.”
In order to establish that her injury resulted from a work-related accident, the employee relies on Dr. Miller’s conclusion in the discharge summary that the employee’s injury “is directly related to the incident of having to pull & yank on the medicine cart.” However, the general import of the rest of the discharge summary does not support a conclusion that the employee suffered an injury as a result of an unexpected or unforeseen event, happening suddenly and violently. Elsewhere in the discharge summary, Dr. Miller writes as follows:
“[The employee] [b]egan having some increased neck & back pain some time around the first of December, 1989, which she says she thought was associated with increased pushing & lifting & pulling on a heavy medicine cart. This has continued.... In the last few weeks her back pain & neck pain has become worse & she has noticed the onset of continued neck & back pain. In the last several days her pain in the neck has become much, much worse.... ”
After hearing the evidence, the trial court found, in pertinent part, as follows:
“[T]he employee ... did not suffer an on-the-job injury resulting from any sudden event; indeed, there is substantial evidence that her pain was the result of a previous surgery unrelated to her alleged on the job injury as set out in her complaint, and subsequent strain exacerbated over many months by her job duties as an employee.”
This court has held that gradual deterioration cannot constitute an “accident” under our workmen’s compensation statutes. Russell Coal Co. v. Williams, 550 So.2d 1007 (Ala.Civ.App.1989). Moreover, an injury that manifests itself over time as a result of repetitive, continuous motions of lifting, pushing, and pulling, while discharging the duties of a particular job, is not an accident covered under the these statutes. See Bonner v. Union Camp, Inc., 559 So.2d 183 (Ala.Civ.App.1989); Buchanan Lumber Co. v. Edwards, 531 So.2d 1 (Ala.Civ.App.1988).
After carefully reviewing the record and applying our limited standard of review, we conclude that there is sufficient legal evidence to support the trial court’s finding that the employee was not injured in a work-related accident, as defined by § 25-5-1(8).
In view of our finding as to this issue, we pretermit a discussion of other issues raised by the employee as unnecessary. We affirm the judgment of the trial court.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J„ concur.